O. C. CONE, *Plaintiff in Error*, vs. PHOENIX ASSURANCE COMPANY, LIMITED, OF LONDON, a Corporation, *Defendant in Error*.

Division A.

Opinion filed May 26, 1931.

*Jim C. Clements* and *Leitner & Leitner*, for Plaintiff in Error;

*Stewart & Presson* and *Mabry, Reaves & White*, for Defendant in Error.

BUFORD, C.J.—Plaintiff in error sued defendant in error on an insurance policy for $5,500.00. There was another policy on the same building for $1500.00 and the insurable value of the property was fixed in each policy at

$7,000.00. There was a partial loss by fire and there is substantial evidence to support the contention that this loss amounted to 75% of the total value of the property. The total value of the property is conclusively fixed by the policies at $7,000.00. Therefore, the loss as established by the evidence above referred to was $5250.00.

The policy sued on here was payable to the insured subject to the interest of mortgagees which mortgages in the aggregate amounted to $2790.65. The plaintiff was entitled to recover the balance found to exist after deducting the sum of $1500.00 which had been paid under the former insurance policy, plus the aggregate amount of the mortgages, being $2790.65, making a total of $4290.65, from $5250.00 being 75% of the insured value of the property, which sum is $959.35.

There are a number of assignments of error based upon various grounds but as the plaintiff in this case recovered all that he was entitled to recover, errors, if any, occurring during the trial were harmless.

Section 4282 R. G. S., 6241 C. G. L., 1927, is as follows:
"In case of the total loss of the property insured the measure of damage shall be the amount upon which the insured paid a premium, and, in case of partial loss, the measure of damage shall be such part of the amount upon which premiums are paid as the damage sustained is part of the insurable value of the building or structure as fixed by the agent of the insurer, and the insurers shall be estopped from denying that the property insured was worth at the time of insuring the amount of the insurable value as fixed by the agent."

We find upon examining the record that there is other evidence as to the amount of the loss but there is abundant substantial evidence to show that the loss was a partial loss and was 75% of a total loss and, therefore, the owner

was only entitled to recover under all policies issued the aggregate sum of 75% of the total loss, the amount and value of the total loss being fixed by the terms of the policies. It may be that the insurer issuing the $1500.00 policy paid a larger percentage of the partial loss than it should have paid, but that fact, if true, would constitute no reason why the insurer litigating here should be required to pay the insured an amount which would make his recovery greater than he is entitled to recover under the contracts and conditions existing at the time of the partial loss. Since the determination of the correctness of the judgment here involves only the construction of the statute above quoted, it is not needful to cite authorities from other jurisdictions to support the view that the judgment should be affirmed which is so ordered.

Affirmed.

ELLIS AND BROWN, J.J., concur.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur in the opinion and judgment.