GORDON B. LANGFORD v. WAUCHULA STATE BANK, a corporation, *et al.*

4 So. (2nd) 10

Division A

Opinion Filed October 3, 1941

Rehearing Denied October 17, 1941

*Leitner & Leitner* and *Sumter Leitner* for Appellant;

*L. Grady Burton,* for Appellees.

ADAMS, J.—This appeal is from a final decree ordering distribution of the proceeds of certain fire insurance money and denying partition of same.

Appellant filed a bill in equity styled partition against Wauchula State Bank, W. W. Whitehurst and F. L. Revell for the partition of certain vouchers and the allowance of attorney's fees.

The record shows that Revell was the owner of certain land with buildings thereon. He, Revell, executed a mortgage to defendant Bank to secure an indebtedness of $1700.00 and in obedience to covenants therein contained, procured and delivered to the Bank a fire insurance policy payable to the Bank as its interest might appear. Thereafter Revell conveyed the property to appellant who assumed and agreed to pay the $1700.00 mortgage and continued to carry the insurance. There was a fire loss. The loss was adjusted and vouchers aggregating $2375.00 were delivered to the Bank payable to appellant, Revell, the Bank and Whitehurst. Whitehurst and Revell disclaimed interest in the vouchers. There was a dispute

between appellant and the Bank. During the pendency of the suit a receiver was appointed on motion of appellant who had converted the vouchers to cash. Appellant claimed the principal had been reduced to $1500.00 and the interest had been paid until a short time before suit whereas the Bank claimed the full $1700.00 with interest from date.

The chancellor determined as a matter of law that partition would not lie because the Bank had only a lien to the money but retained jurisdiction to distribute the fund. The propriety of this action forms the first question for us to decide.

The chancellor found as a fact the indebtedness due the Bank was $1700.00 with interest from date. The correctness of such finding forms the second question for our determination.

The appellant relies on Section 5002 C.G.L., as authority to partition personal property. This reads as follows:

"Provisions of law applicable to—All the provisions of law applicable to partition and sale for partition of real estate, and the proceedings therefor, shall be applicable to the partition and sale for partition of personal property and the proceedings therefor, as far as the nature of the property will permit."

We construe this statute to mean that the procedure to partition personal property shall be the same as to real property insofar as plaintiff is required to allege and prove joint tenancy, tenants in common or coparceners. Section 5002, C.G.L. merely extended the procedure for partition of realty to personal property.

This Court has held that partition will not lie against defendants who hold an equitable interest in

the land. Section 4996, C.G.L.: Camp Phosphate Co. v. Anderson, 48 Fla. 226, 37 So. 772; Lovett v. Lovett, 93 Fla. 611, 112 So. 768; 14 R.C.L., Page 1367. Atwell v. The Western Fire Ins. Co. of Fort Scott, Kansas, *et al.*, 120 Fla. 694, 163 So. 27:

"If the mortgagors are bound by covenant to insure for the better security of the mortgagee, the latter will have a lien on the money due on the policy, to the extent of the mortgagee's interest. See: Wheeler v. Factors' & T. Ins. Co., 101 U.S. 439, 25 L. Ed. 1055 . . ."

It is insisted that the bill should have been dismissed inasmuch as partition would not lie. It is observed that in the amended bill upon which the decree was based there was a prayer for general relief. In the absence of an abuse of discretion the chancellor has a right to award such appropriate relief as the parties may be entitled to. Here he had all interested parties before him. The subject matter was well within equitable jurisdiction. All matters covered by the decree were plead and the parties were given every opportunity to give evidence theron.

The chancellor found as a fact the Bank was entitled to $1700.00 with interest from date and not $1500.00 as claimed by appellant. We find the evidence ample to sustain this finding.

Other questions have been submitted and duly considered by us. They relate to the exercise of discretion by the chancellor. We are unable to find any merit therein. The decree is affirmed.

BROWN, C. J., WHITFIELD, and BUFORD, J. J., concur.