CHARLES Z. SUMLIN and CONNIE SUMLIN v. COLONIAL FIRE UNDERWRITERS BRANCH OF NATIONAL FIRE INSURANCE COMPANY OF HARTFORD, CONNECTICUT and MERCURY INSURANCE COMPANY.

27 So. (2nd) 730                                   June Term, 1946
November 1, 1946                                       Division A

*D. W. Berry,* for appellants.

*Fisher, Fisher, Hepner & Fitzpatrick,* for appellees.

TERRELL, J.:

Charles Z. Sumlin owned a house in Pensacola, on which he carried $850.00 insurance, with Mercury Insurance Company. He carried $500.00 insurance on his furniture with the same company. He also carried $650.00 insurance on the house with another company. Both policies represented the insurable value of the house to be $1,500.00. The $650.00 policy expired and the policy with Mercury Insurance Company was increased to $1,500.00, without increasing the insurable value of the property. Sumlin then executed a mortgage on the property to a third party for $1,500.00, to secure a loan. The mortgage required the mortgagor to carry fire insurance on the property in the sum of $1,500.00, to protect the mortgagee. In January, 1945, the property was destroyed by fire. The policy had been turned over to the mortgagee but had not been presented to and endorsed by the fire insurance company, to show the existence of the mortgage.

Before the first policy was delivered to the mortgagee, the latter took out a second policy with Colonial Fire Underwriters Branch of National Fire Insurance Company of Hartford, Connecticut. This policy designated the maximum in-

surance on the property to be $1,500.00 and contained the same mortgage clause as the first policy. The mortgagor was not notifiied of this policy and neither insurance company knew that the other had a policy on the property. Hence there were two policies on the property for $1,500.00 each and each policy was unknown to the other company when the house was destroyed by fire.

When the property was destroyed, the mortgagee filed his claim with Colonial Fire Underwriters Branch of National Fire Insurance Company of Hartford, which paid the claim in full. Sumlin filed his claim with Mercury Insurance Company for $1,500.00 on the house and $500.00 on the furniture. The policy on the furniture was paid but payment of the policy on the house was denied because the insurance company had recently learned of the duplicate policy. This suit for declaratory decree and to restrain Sumlin from suing Mercury Insurance Company was filed by appellees. On final hearing the court entered a decree requiring Mercury Insurance Company to pay Colonial Fire Underwriters Branch of National Fire Insurance Company of Hartford one-half of the total insurable value of the building as provided in the policies. It further held that Colonial Fire Underwriters Branch of National Fire Insurance Company of Hartford was subrogated to the right of Sumlin because of its payment to Sumlin's mortgage of the $1,500.00 due on the mortgage pursuant to the mortgage clause in the policy. Sumlin was enjoined from suing the Mercury Insurance Company and both insurance companies were required to pay into the registry of the court one-half the premium on each policy. This appeal is from the final decree.

The question presented may be stated as follows: Under the facts related should Sumlin have been permitted to collect both policies, totalling $3,000.00, on his place, all the evidence showing that the insurable value of the house was $1,500.00?

The evidence shows conclusively that the insurable value of the house was $1,500.00; that the first policy prohibited the taking of additional insurance; that, without the knowledge of the insurance carrier, the owner gave a mortgage on the house to a third party and secured insurance in a second com-

pany to protect the mortgage, and delivered the policy to the mortgagee before the property was destroyed by fire. The insurable value of the property was fixed in both policies at $1,500.00. This suit is brought on the theory that Sumlin fraudulently placed double insurance on the property and that the insurance companies should not be required to pay other than the insurable value.

The contract with both insurance companies was limited to the insurable value of the property. The court below held in effect that the insurance companies could not be required to pay more. This court is committed to the doctrine that if a mortgagor covenants to protect his mortgagee the latter thereby is clothed with a lien on the policy to the extent of the mortgagee's interest, whether the policy carried a loss payable clause or not. Atwell et al. v. Western Fire Insurance Company of Fort Scott, Kansas, et al., 120 Fla. 494, 163 So. 27, and cases cited therein. See also Glenns Falls v. Porter, 44 Fla. 568, 33 So. 473. Sumlin's mortgagee's remedy would, therefore, be against Sumlin, for his interest in the policy.

This court is also committed to the rule that the insurable value of property written in an insurance policy is binding on the insured and the insurer. The pleadings and both policies involved in this litigation show conclusively that the insurable value of the property was $1,500.00. Cone v. Phoenix, 101 Fla. 622, 135 So. 142; Price v. Southern, 100 Fla. 388, 129 So. 748. There was no error in declining to admit evidence to show a different value. To enforce any other rule under the facts shown would open the way for wholesale fraud and result in disastrous consequences.

Affirmed.

CHAPMAN, C. J., BUFORD and ADAMS, JJ., concur.