FARMERS RELIANCE INSURANCE CO. OF NEW JERSEY, a New Jersey corporation, Union Mutual Fire Insurance Co., a Vermont corporation, and Security Mutual Insurance Company of New York, a New York corporation, Plaintiffs,

v.

MIAMI RUG COMPANY, a Florida corporation, et al., Defendants.

Civ. No. 584–62.

United States District Court
S. D. Florida,
Miami Division.

Nov. 13, 1963.

Hugh M. Carrier, Miami, Fla., for plaintiffs.

Monroe Gelb, Miami, Fla., for Miami Rug Co.

Smathers & Thompson, Miami, Fla., for Commercial Bank.

Maurer & Maurer & Maurer, Fort Lauderdale, Fla., for Rath Provision.

George Richardson, Jr., Fort Lauderdale, Fla., for the Estate of Wilson.

Patterson & Maloney, Fort Lauderdale, Fla., for Coral Shopping Center.

Saunders, Curtis, Ginestra & Gore, Fort Lauderdale, Fla., for Madrid Restaurant.

Carey, Goodman, Terry, Dwyer & Austin, Miami, Fla., for Allen Cramer, Inc.

William A. Meadows, Jr., U. S. Atty., Edward Kaufman, Asst. U. S. Atty., Miami, Fla., Joseph Krinsky, Boston, Mass., for Irving Levitt Co.

CHOATE, District Judge.

THIS CAUSE is an action of interpleader filed by the plaintiffs, Farmers Reliance Insurance Company of New Jersey, Union Mutual Fire Insurance Company and the Security Mutual Insurance of New York.[1]

The plaintiffs deposited $12,485.06 [2] into the registry of the Court representing the proceeds of insured loss by fire to the contents, including improvements and betterments, on the premises located at 60F and 60G Coral Circle, Coral Shopping Center, Fort Lauderdale, Florida. These premises were operated as a restaurant by the named insured and debtor, Madrid Restaurant, Inc. The fire occurred on March 18, 1962.

This Court has jurisdiction under 28 U.S.C. §§ 1335 and 2361.[3] The cause came on for trial on August 12, 1963, and based on pre-trial stipulation and the testimony offered, the Court finds as follows.

A substantial portion of the restaurant equipment insured under the above policies was owned by the Estate of Russell B. Wilson and leased to the Madrid Restaurant, Inc. Said lease was recorded properly on October 5, 1961, and contained a covenant to insure. The property was encumbered by a mortgage in favor of Rath Provision Company and said mortgage was recorded on June 7, 1961. On April 23, 1962, Madrid Restaurant made assignment (unrecorded) of the proceeds of claim on this fire loss to the Estate of Russell B. Wilson and Rath Provision Company to the amount of $6,555.28, but not to exceed the amount of the unpaid balance of the chattel mortgage. Wilson and Rath may be considered as one in determining their position as claimants of the fund herein.

The United States of America was named as defendant in the original action

---

1. Farmers Reliance Insurance Company of New Jersey is a corporation duly organized and existing under the laws of the State of New Jersey with its principal place of business at 349 West State Street, Trenton, New Jersey. Union Mutual Fire Insurance Company is a corporation duly organized and existing under the laws of the State of Vermont with its principal place of business at Montpelier, Vermont. Security Mutual Insurance Company of New York is a corporation duly organized and existing under the laws of the State of New York with its principal place of business at 349 East 149th Street, New York, New York.

2. Farmers Reliance Insurance Company of New Jersey deposited funds amounting to $6,242.54 under its policy No. 9–1211. Union Mutual Fire Insurance Company deposited funds amounting to $3,121.26 under its policy No. 150131. Security Mutual Insurance Company of New York deposited funds amounting to $3,121.26 under its policy No. 1292660. The foregoing amounts are the same as the Proofs of Loss filed with said companies by the defendant Madrid Restaurant, Inc. on April 30, 1962.

3. The defendants' citizenship is as follows: Miami Rug Company is a Florida corporation with its principal place of business in Miami, Florida; Allen B. Cramer, Inc. is a Florida corporation with its principal place of business in Fort Lauderdale, Florida; Madrid Restaurant, Inc. is a Florida corporation with its principal place of business in Fort Lauderdale, Florida; Irving Levitt Company, Inc. is a Massachusetts corporation having its principal place of business in Boston, Massachusetts; Commercial Bank of Miami is a Florida corporation having its principal place of business in Miami, Florida; the Estate of Russell B. Wilson is being probated in Broward County, Florida; Rath Provision Company is an Iowa corporation having its principal place of business in Waterloo, Iowa; and the United States of America is a sovereign nation which has brought a complaint in intervention.

and moved to dismiss which motion was granted. The United States then appeared as intervenor and asserted claim to the fund based on various jeopardy assessments all made on April 27, 1962, totalling $5,692.25. Notice of levy on all of the various assessments was filed of record on April 30, 1962.[4]

Allen B. Cramer, Inc. appeared as claimant based on its equitable lien against the loss proceeds for services in repair of the fire damaged property in the period following May 1, 1962, per invoice of June 6, 1962. This claim was in the amount of $1,502.92.

Miami Rug Company claimed against the fund for its open account reduced to judgment in the amount of $997.95 on September 10, 1962. Writ of Garnishment was sought by Miami Rug Company on May 17, 1962.

Other named defendants and intervening claimants whose claims need not be considered herein in detail are: Coral Shopping Center as owner of the premises leased by Madrid Restaurant, Inc., who filed a cross-action against Wilson and Rath and then withdrew same; the Commercial Bank of Miami, a named loss-payee on the policies, who disclaimed; Irving Levitt Company, Inc.; Irving N. Donnin; and Mood Music Systems, Inc., all of whom claimed on unsecured position (open account); Jack Samsen d/b/a Coral Press on judgment of $978.27 rendered April 18, 1962, but who did not execute until May 3, 1963;[5] and The Florida Industrial Commission for Unemployment Taxes whose notice of tax lien was not filed until October 26, 1962.

It is obvious we believe that the lien or claim of any of the parties to the law suit, who claimed because of indebtedness of Madrid Restaurant, Inc., is limited to the property interest of Madrid Restaurant, Inc. in the insured chattels. See Aquilino v. United States, 363 U.S. 509, at 512–514, 80 S.Ct. 1277, 1279–1280, 4 L.Ed.2d 1365 (1960). This interest was merely a lease-hold interest and was subject to the recorded lease owned by the Wilson Estate and the recorded mortgage of Rath Provision Company.

The interest of the United States or other creditors of the insured in the proceeds of the fund could not rise higher than those of the taxpayer-debtor. The taxpayer, itself, could not assert a claim in the proceeds greater than its insurable

---

4. On April 27, 1962, the levy was based on the following jeopardy assessments:

WITHHOLDING TAXES

| Taxable Period | Amount Assessed | Outstanding Balance |
| --- | --- | --- |
| 4th Qtr. 1961 | $1,296.68 | $1,296.68 |
| 4th Qtr. 1961 | 18.56 | 18.56 |
| 1st Qtr. 1962 | 1,451.57 | 1,451.57 |
| 1st Qtr. 1962 | 24.20 | 24.20 |
| | $2,791.81 | $2,791.81 |

EXCISE TAXES

| Taxable Period | Amount Assessed | Outstanding Balance |
| --- | --- | --- |
| 4th Qtr. 1961 | $1,300.25 | $1,300.25 |
| 4th Qtr. 1961 | 11.17 | 11.17 |
| 1st Qtr. 1962 | 1,574.08 | 1,574.08 |
| 1st Qtr. 1962 | 15.74 | 15.74 |
| | $2,091.24 | $2,091.24 |

---

5. Defendants Jack Samsen d/b/a Coral Press, Irving N. Donnin d/b/a Donnin's Antique Arms and Guns Museum, and Defendant Irving Levitt Company, Inc., failed to make an appearance and prove their alleged claims.

interest in the property insured since to do so would be an actionable fraud.[6]

The interest of the Wilson Estate in the underlying property was that of fee owner subject to the mortgage of Rath Provision Company. The assignment of the insurance proceeds to the extent of this underlying interest in the property was not an assignment securing a contingent obligation as in United States v. R. F. Ball Construction Co., Inc., 355 U.S. 587, 78 S.Ct. 442, 2 L.Ed.2d 510 (1958), but was a completed transfer of interest for valid consideration, prior to the perfection of the government lien.[7] The agreement that the insurance proceeds could be used to repair the property if Madrid decided to rebuild and continue the restaurant business was a condition subsequent and not a condition precedent.

■ The Court finds from the testimony that the Wilson and Rath interest in the fund is $5,512.00 and is entitled to first priority against the fund based on their ownership as opposed to lien interest in the fund.

The remaining parties, as creditors, must rest their claims against the fund upon their lien status.

■■ The federal tax liens became entitled to priority as against the liens of any mortgagee, purchaser, pledgee, or judgment creditor, as of the date of their filing on April 30, 1962. Under Florida law, a judgment of and by itself does not give rise to a lien. The lien does not arise until the execution is placed in the hands of the sheriff for levy. Thus, the United States is entitled to first priority among the lien claimants. The Court finds that the United States has established tax liens of $5,690.00 plus $437.57 interest, or a total of $6,127.57.

■ The Court further finds that reasonable attorneys' fees for the plain-

tiffs' attorneys are in the amount of $750.00, and that judgment for them should be entered in that amount.

■ Miami Rug Company who obtained Writ of Garnishment on May 17, 1962, and reduced their claim to judgment on September 10, 1962, is entitled to the remainder of the proceeds on the basis of their proven lien of $997.95.

■ Some comment might be made of the equitable lien claimed by Allen B. Cramer, Inc. for services in repair of the fire damaged property in the period following May 1, 1962. This amount was claimed for work actually performed upon the insured property in cleaning up the fire damage at the request of the insured and the insurance company representatives. Not only was this work performed after the assignment to Rath and Wilson, but it was performed after the filing of the federal tax liens. There is no question that as to the United States, the case of United States v. White Bear Brewing Company, 350 U.S. 1010, 76 S.Ct. 646, 100 L.Ed. 871 (1956),[8] forecloses any contention of priority as against the United States. It may well be that Cramer has a contractual right of action that can be asserted against the insurance companies, the adjusters, or possibly Rath and Wilson, as well as the named insured. However, the testimony fails to prove a lien that would be prior to either the United States or Miami Rug Company. This is not the forum nor the cause in which to assert its possible contractual cause against the possible defendants mentioned above nor did Cramer proceed on that theory.

The fund should be distributed in accordance with the foregoing: $750.00 to the plaintiffs' attorneys; $5,512.00 to Rath Provision Company and the Estate of Russell B. Wilson, as their interests

6. Sumlin v. Colonial Fire Underwriters, 158 Fla. 95, 27 So.2d 730, 731 (1946).

7. Not only in satisfaction of underlying obligations, but in satisfaction of lien on policy proceeds. Atwill v. Western Fire Ins. Co., 120 Fla. 694, 163 So. 27 (1935).

8. See decision in United States v. Morrison, 247 F.2d 285 (5th Cir. 1957), particularly Judge Brown's detailed review of cases at 288–89, note 4.

may appear; $6,127.57 to the United States; and, $95.49 to Miami Rug Company.

Judgment will be entered in accordance herewith.