In re TOTAL SUCCESS, INC., Debtor.

TOTAL SUCCESS, INC., an Arizona corporation, Plaintiff,

v.

Dennis MOORE and Sierra Office Building Partnership, Defendants.

Bankruptcy No. B–83–268–PHX–GBN.
Adv. No. 83–1357–GBN.

United States Bankruptcy Court,
D. Arizona.

April 2, 1985.

Eric J. Bistrow, Campana & Horne, P.C., Phoenix, Ariz., for Sierra Office Building Partnership.

Sanford J. Green, Phoenix, Ariz., for Jack Halperin, trustee.

Donald W. Powell, Carmichael, McClue & Powell, P.C., Phoenix, Ariz., for debtor.

## ORDER

GEORGE B. NIELSEN, Jr., Bankruptcy Judge.

At the hearing of a contested matter on December 21, 1984, I ruled against Creditor Sierra Office Building Partnership ("Sierra") and directed the prevailing parties to lodge a formal order. Adversary Docket Item 45.

The debtor did so, serving a copy on Sierra. Adversary Docket Item 44, at 2. The lodged order was signed and filed on December 27. *Supra.* No request having been made that notice of the entry of the order be mailed by the Clerk, such notice is

deemed waived. Local District Rule 41(b); Local Bankruptcy Rule 9033. Sierra filed a notice of appeal on January 31, 1985. Docket Item 47. The Trustee, also a prevailing party, has moved to dismiss this appeal as untimely. Rule 8002(a), *F.Bk.R.* Sierra has responded and requested I hear this matter along with its "countermotion" to allow its notice of appeal. Docket Item 55. I cannot construe this March 1, 1985 "countermotion" as a motion to extend the appeal time as it is also untimely. Rule 8002(c), *supra.*

Sierra did lodge, and I did sign, a January 22, 1985 order which exactly duplicates the language of the December 27 order. Docket Items 46, 44.

That order, which was unaccompanied by a supporting motion, does not purport to extend the appeal period. *Supra.* I know of no authority allowing extension of the ten day appeal limit through the device of subsequently lodging an order which merely duplicates an earlier one.[1]

Nor do I have the power to honor Sierra's request to hear this matter. Bankruptcy·Court jurisdiction is essentially limited to hearing timely motions to extend the appeal time. Rule 8002(c). All other substantive motions, including the Trustee's dismissal request, are to be heard by the Appellate Court. Rule 8011(a). Accordingly, if not already accomplished, the Bankruptcy Clerk is directed to transmit the notice of appeal, the orders of December 27, 1984 and January 22, 1985 and this order to the District Court for disposition of the Trustee's dismissal motion. Rule 8007(b).[2]

This appeal arises from an original interpleader action filed by the debtor naming Sierra and Dennis Moore as defendants. Thereafter, the issues became obscured in a welter of motions and cross claims. The facts necessary to resolve the original conflict are as follows:

Debtor settled an earlier adversary proceeding filed by Moore through the payment of $78,000 in cash and a $40,000 promissory note. Moore had claimed to be secured on all the stock and assets of debtor. Claimant failed to secure the note and released any security interests he might have previously held at the time of settlement. This was a major error.

Thereafter, Moore assigned some or all of the note proceeds to Sierra. When conflicting demands to note proceeds were received, debtor instituted the present action. Subsequently, the Chapter 11 reorganization was converted to a Chapter 7 liquidation. 11 U.S.C. § 1112. The funds were not deposited into the Court's registry, as is the normal interpleader practice, but instead placed by debtor into a "trust" account. No documents establishing a trust were prepared. The Chapter 7 Trustee seized the funds as property of the estate. 11 U.S.C. § 541. Moore and Sierra want the funds turned over to them, arguing the fund is not estate property.

Whether this fund can be used to pay all creditors or must go solely to Creditor Moore is entirely dependent on the nature of Moore's rights in the proceeds. Sierra's rights as assignee of whatever rights Moore had in the fund are entirely derivative. *Farmers Reliance Insurance*

---

1. This duplicative order of January 22, 1985 is the only document filed within the time limits of Rule 8002(c) and, as above stated, cannot be construed as a motion asking me to extend the appeal time. Adversary Docket Item 46. *Sierra* nearly missed the ten day limit a second time by not filing its notice of appeal until nine days later, on January 31. Docket Item 47.

2. The Bankruptcy Court routinely retains the file during pendency of an appeal so other aspects of the case can continue to be administered. Adversary Docket Item 49; Rule 8007(c). The Arizona District and Bankruptcy Clerks

have apparently adopted a practice of not forwarding *any* documents to the District level *until* the parties provide copies of the documents designated as the record on appeal. *Supra; cf.* Rule 8002(b). Since there is a possibility the District Court might dismiss the appeal, the Bankruptcy Clerk is directed to immediately transmit the above documents to the District Court for purposes of judicial economy without waiting for the parties to provide copies of the record. Perhaps the Clerks will amend their practice accordingly whenever a party files a motion to dismiss an opponent's appeal.

*Co. of New Jersey v. Miami Rug Co.*, 227 F.Supp. 187, 189–90 (S.D.Fla.1963).

Sierra first argues debtor's filing of an interpleader action is inconsistent with a claim to the res. However, the federal interpleader statute applies both to "true" interpleader suits and suits in the nature of interpleader. 28 U.S.C. § 1335(a). Such action may be maintained by a plaintiff who claims an interest in the fund under dispute. *Farmers Elevator Mutual Insurance Co. v. Jewett*, 394 F.2d 896, 898 (10th Cir.1968), citing *State of Texas v. State of Florida*, 306 U.S. 398, 406–07, 59 S.Ct. 563, 567–68, 83 L.Ed. 817 (1939) and *Brisacher v. Tracy-Collins Trust Co.*, 277 F.2d 519, 525 (10th Cir. 1960). While debtor's liability to Moore is undisputed, Moore's rights (and Sierra's derivative rights) to the fund in preference to all other creditors is entirely dependent on a finding he is secured by the fund or a trust relationship was established.

Sierra argued a trust was established by the interpleader and segregation of the res into an interest bearing account. I find no authority for such a proposition as a matter of law. Factually, claimants did not convince me the parties expressly or impliedly created a security interest or trust in the fund, although they undoubtedly had the opportunity to do so in connection with their settlement.

Finally, I am not persuaded Sierra was misled to its detriment by debtor's filing of the interpleader or alleged reference to the monies "in trust." First, Sierra is charged with knowledge of the operation of the Bankruptcy Code and interpleader statute. Second, its rights being purely derivative from Moore, there is little it could do independently to protect itself, when its assignor did not.

Nothing here should condone debtor's failure to live up to its settlement agreement with Moore. This default being a fact, what remains is to determine if Moore sufficiently protected himself against debtor's default at the time of the original settlement. I do not believe he did.

Undoubtedly, the United States District Court will correctly resolve the dismissal motion. Without impinging on its jurisdiction, I would observe as follows:

Sierra defends against the charge its notice of appeal was untimely filed by submission of a secretary's affidavit. Although Sierra timely received a copy of the proposed adversary order, the secretary complains she repeatedly telephoned a certain Bankruptcy Deputy Clerk in early January, who was never able to determine that the proposed order was ever filed, much less signed. Adversary Docket Item 56. Yet, the order had been both signed and filed on December 27, 1984. Adversary Docket Item 44. It is unfortunate counsel did not cross the street to personally review the adversary file and discover the document.

Regardless, if this situation is the "fault" of the Bankruptcy Clerk, possibly the District Court will afford relief. *In re Donnell*, 639 F.2d 535, 539–42 (9th Cir. 1981) (to constitute excusable neglect, the failure to learn of the entry of judgment must be the fault of the lower court and not the mere failure of counsel to learn of the entry date); *In re Snow*, 23 B.R. 655, 657 (Bankr.E.D.Ca.1982). Otherwise, the Ninth Circuit strictly construes and compulsorily applies the ten day appeal requirement. *Matter of Ramsey*, 612 F.2d 1220, 1222 (9th Cir.1980); *Matter of Estate of Butler's Tire & Battery Co.*, 592 F.2d 1028, 1033–34 (9th Cir.1979); *In re Zeller*, 38 B.R. 739, 741–42 (9th Cir.B.A.P.1984); *cf. In re Magouirk*, 693 F.2d 948, 950–52 (9th Cir.1982) (liberal interpretation of excusable neglect justifying late filing of objection to discharge is different from the strict interpretation of excusable neglect allowing late filing of an appeal).

It is not clear the present difficulty was caused by the Clerk's alleged inexplicable failure to locate an order resting in the file since December 27, 1984. The Deputy Clerk identified in the Sierra affidavit is my administrative docket clerk, responsible for the docketing of main bankruptcy files, including bankruptcy file 83–268–PHX–GBN. She would have no knowledge or responsibility for the docketing of adversary files,

including Adversary 83–1357–GBN, the file in which the offending order rests. There is no allegation affiant ever contacted my adversary docket clerk or made clear her telephonic inquiry concerned an adversary file rather than a bankruptcy file.

I have raised the above to make three points:

1. Possibly counsel may wish to supplement their pending motions.

2. In circumstances where the filing date of a lodged order is critical and telephonic contact with the Clerk is inconclusive, the better practice is for counsel to personally inspect a file, rather than depend upon a continuing series of telephone calls between two non-attorneys.

3. Another method to avoid such difficulty is for counsel to demand notice of entry of the formal order following the ruling in open Court as expressly contemplated by Local District Rule 41(b).

Nothing in this order should be interpreted as dispositive on whether Moore or his assign is entitled to priority as an administrative claimant. That issue has been neither raised nor briefed by any party.

ORDERED ACCORDINGLY.