532 So.2d 1276 (1988)
Russell MILLER, a/k/a Rusty Miller, Appellant,
v.
WALLACE INTERNATIONAL TRUCKS, INC., Appellee.
No. 87-3617.
District Court of Appeal of Florida, Second District.
October 5, 1988.
Robert C. Hill, Fort Myers, for appellant.
E.G. Couse of Grace and Couse, Fort Myers, for appellee.
FRANK, Judge.
This case has evolved from the failure of the appellant Miller to pay for work performed by the appellee Wallace on his dump truck. Two issues are present for our consideration: whether Miller was entitled to the protection of the Motor Vehicle Repair Act, sections 559.901, et seq., Florida Statutes (1985); and whether the trial court correctly awarded Wallace treble damages under the civil theft statute, section 812.035(7), Florida Statutes (1987). We answer both questions in the negative, affirm in part, reverse in part, and remand for further proceedings.
During a three-month period commencing in September, 1985, Miller took his dump truck to Wallace on a number of occasions for repairs ultimately costing in the neighborhood of $11,000. Wallace acknowledged that Miller neither received a written estimate of repair costs nor did he at any time execute a written waiver of his right to receive an estimate. See § 559.905, Fla. Stat. (1985). Miller did, however, sign an invoice authorizing the repairs each time he delivered the truck to Wallace for repairs, and he visited the shop to discuss the truck's problems on a near daily basis.
Miller was billed monthly and was never able to pay his account in full. Thus he *1277 gave Wallace the title to a Rover vehicle, together with a power of attorney, as security for the unpaid indebtedness. Subsequently, however, Miller falsely certified to the State of Florida that title to the Rover had been lost and he obtained a duplicate title to the vehicle. With the duplicate title in hand he sold the Rover and, Wallace claims, he "stole" its lien rights. Wallace ultimately sued for the balance of the account and sought treble damages under the Civil Theft Act for deprivation of the lien. Miller, in turn, contended that the Motor Vehicle Repair Act (Act) limited Wallace's damages because he never received the statutorily required written estimates or signed a written waiver. See § 559.905, Fla. Stat. The trial court found that the Act did not apply and held that Wallace was owed over $8,000 plus interest, a sum which it trebled pursuant to the Civil Theft Act.
The trial court correctly concluded that the Act was not applicable in this instance. The Act is limited to personal motor vehicles or to those used "[i]n connection with a business owning or operating fewer than five motor vehicles." § 559.902(2), Fla. Stat. Miller testified that the dump truck upon which Wallace performed repairs was leased to Identity Trucking, a business operating over two hundred vehicles. Identity would dispatch the vehicles to various jobs and from payment to the operators it would deduct repair costs, liability insurance, and workers compensation expenses. Thus, the trial court properly determined that Miller's truck was used "in connection with a business" operating far more than five vehicles; the truck was a commercial vehicle of the kind the Act was not intended to cover. Hence, having determined that the Act was not applicable to Miller's situation, the trial court was warranted in finding that Wallace was entitled to damages. It calculated Miller's debt at $8,000 in unpaid repair bills, and trebled that amount on the ground that Miller had committed a civil theft by "stealing" the lien rights to the Rover.[*]
It is true, as Miller contends, that recovery of damages for breach of a contract to pay money will not support trebling under the civil theft statute. Futch v. Head, 511 So.2d 314 (Fla. 1st DCA 1987); Rosen v. Marlin, 486 So.2d 623 (Fla. 3d DCA 1986). In this case, however, more than a mere breach of contract was involved. Miller gave Wallace, as security for the payment of his debt, the title to a vehicle and a power of attorney, thus creating a lien which had an ascertainable value to Wallace. Under chapter 812 one who deprives another of the right to property or "a benefit therefrom," § 812.014(1)(a), Fla. Stat., commits a theft. Property is further defined as "anything of value," including "tangible or intangible personal property, including rights, privileges, interests and claims." § 812.012(3)(b), Fla. Stat. Thus, it is manifest that when Miller obtained the duplicate title and sold the Rover he committed a statutorily defined theft through the conversion to his own use of a valuable right belonging to Wallace.
The court erred, however, in trebling the entire amount Miller owed. The theft consisted only of the pledged security, the value of which is capable of determination. Wallace, however, failed to present evidence confined to the Rover's value and thus the trial court was without a valid basis for a treble damage award. On remand, the trial court is to strike the treble damages awarded Wallace.
Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.
SCHEB, A.C.J., and HALL, J., concur.
NOTES
[*] Miller and Wallace originally argued the applicability of section 812.035(7), Florida Statutes (1985). We noted in our initial opinion that section 812.035(7) had been amended to restrict the treble damages remedy to actions involving the state. Thus, under that provision, the court did not have jurisdiction to treble the damages. It was only in Wallace's motion for rehearing that we were informed that treble damages for theft can be awarded under the newly created section 772.11, Florida Statutes (1987). See Ch. 86-277, Laws of Florida.