691 So.2d 1104 (1997)
NATIONAL TITLE INSURANCE COMPANY, Appellant,
v.
LAKESHORE 1 CONDOMINIUM ASSOCIATION, INC., Appellee.
No. 96-2225.
District Court of Appeal of Florida, Third District.
March 19, 1997.
Rehearing Denied May 7, 1997.
*1105 Hoover & Phillips and Richard C. Waller and William Randol, Jr., for appellant.
Carman, Beauchamp & Sang and Kenneth P. Carman, for appellee.
Before JORGENSON and SHEVIN, JJ., and BARKDULL, Senior Judge.
SHEVIN, Judge.
National Title Insurance Company ["National"] appeals an adverse final summary judgment in its negligence action against Lakeshore 1 Condominium Association, Inc. ["Association"]. We reverse.
National owned the first mortgages on two units at Lakeshore 1 Condominium. The Declaration of Condominium of Lakeshore 1 gives the Association control over insurance matters affecting the condominium. The Association must purchase insurance "for the benefit of the Association, the Unit Owners and their respective mortgagees, as their interest may appear...." Declaration of Condominium ¶ 14.1 (emphasis added); see § 718.111(11), Fla.Stat. (1993). The insurance must cover "[t]he building(s) and all other insurable improvements upon the land, including all of the Units...." Id. at ¶ 14.4.1. Any insurance proceeds not used for reconstruction are "distributed to the Unit Owners and their mortgagees as their interest may appear." Id. at ¶ 14.6.2 (emphasis added). The Declaration names the Association as the "irrevocably appointed agent for each Unit Owner, [and] for each owner of a mortgage upon a Unit ... to adjust all claims arising under insurance policies purchased by the Association and to execute and deliver releases upon the payment of claims." Id. at ¶ 14.7. In the event a mortgagee endorsement exists in relation to any unit, the unit owner's share of insurance proceeds shall be held in trust for the mortgagee, "provided, however, that no mortgagee shall have the right to determine or participate in the determination as to whether or not the damaged property shall be reconstructed...." Id. at ¶ 14.14. The Declaration thereafter acknowledges that "[a]ll covenants contained [t]herein for the benefit of any mortgagee may be enforced by such mortgagee." Id. Thus, the mortgagees have no control over matters of insurance or reconstruction.
Lakeshore 1 Condominium sustained substantial damage as a result of Hurricane Andrew; the unit owners were forced out of their units. The condominium's insurer paid the Association $3,400,000 on its damage claim for the benefit of the unit owners and mortgagees. The Association opted to repair the damage and executed a contract for $2,900,000 with a construction company. However, the reconstruction was not completed, and the insurance funds were dissipated.
National's mortgagors defaulted on their mortgages. National foreclosed on the mortgages and acquired title to the damaged and *1106 uninhabitable units. National sued the Association and its officers and directors seeking damages for the dissipation of the insurance proceeds, in which National claimed an interest. National asserted that the Association negligently administered the insurance proceeds.[1] The Association filed a motion for summary judgment asserting that as a matter of law National could not establish the negligence elements: National could not establish that the Association owed it any duty, or that a breach was the proximate cause of National's damages. The Association contended that if it owed a duty to anyone it was solely to the unit owners, not the mortgagee. The trial court granted the Association's motion, finding that National "cannot establish a contractual, statutory and/or common law duty, or breach thereof, owed to it by [the Association]...." National appealed.
In determining whether National has asserted a cognizable cause of action, we must address whether the Association owed National a duty of reasonable care in managing the insurance proceeds. We hold that the Association, having undertaken to manage the proceeds on behalf of unit owners and mortgagees, owed National, a mortgagee, a duty to use reasonable care in the management of the proceeds.
Establishing the duty element is the "minimal threshold legal requirement" for asserting a cause of action in negligence. McCain v. Florida Power Corp., 593 So.2d 500, 502 (Fla.1992) (footnote omitted). "The duty element of negligence focuses on whether the defendant's conduct foreseeably created a broader `zone of risk' that poses a general threat of harm to others." McCain, 593 So.2d at 502. Florida law recognizes that a legal duty arises "whenever a human endeavor creates a generalized and foreseeable risk of harming others." McCain, 593 So.2d at 503. The Restatement (Second) of Torts recognizes four sources of duty: legislative enactment and administrative regulation; judicial interpretation of the enactments or regulations; other judicial precedent; and, a duty arising from the general facts of the case. Restatement (Second) of Torts, § 285 (1965). The case before us falls within the last category, the class of cases where the duty arises from the acts of the defendant.[2]
Where a defendant's conduct creates a foreseeable zone of risk, the law generally will recognize a duty placed upon defendant either to lessen the risk or see that sufficient precautions are taken to protect others from the harm that the risk poses.... [E]ach defendant who creates a risk is required to exercise prudent foresight whenever others may be injured as a result. This requirement of reasonable, general foresight is the core of the duty element. For these same reasons, duty *1107 exists as a matter of law and is not a factual question for the jury to decide: Duty is the standard of conduct given to the jury for gauging the defendant's factual conduct. As a corollary, the trial and appellate courts cannot find a lack of duty if a foreseeable zone of risk more likely than not was created by the defendant.
McCain, 593 So.2d at 503 (citations omitted).
In this case, there is no doubt that the Association's conduct in managing the insurance proceeds created a foreseeable zone of risk encompassing all persons who had an interest in the proceeds. Renovation, construction, or reconstruction require vigilance and care to avoid depletion of the construction budget. The Association did not own the insurance proceeds. The Association was managing the proceeds on behalf of the owners and mortgagees pursuant to the authority granted by the Declaration of Condominium. See Declaration of Condominium ¶ 14.1, 14.7 (quoted supra slip op. 1105). Having decided to reconstruct the property using the insurance proceeds, the Association assumed the duty of care commensurate with the enterprise it embarked upon. The obvious duty of care when managing funds for others is to use reasonable care to avoid depletion through negligent management or mismanagement. The foreseeable risk is the depletion of the proceeds belonging to others. This court is not free to relieve the Association of the duty to lessen the foreseeable risk of injury or the duty to protect those who have an interest in the proceeds from the harm the risk poses: depletion of the funds through mismanagement. See McCain, 593 So.2d at 504 (courts not free to relieve power company of duty to guard against general and foreseeable risk of injury). Because the Association's activity created a foreseeable zone of risk, a duty of care arises as a matter of law.
National's complaint clearly establishes that the Association undertook the enterprise of reconstruction with the use of the insurance proceeds on behalf of the unit owners and the mortgagees. Based on this undisputed fact, we may conclude that the Association assumed the duty to avoid foreseeable risk of injury to the proceeds' owners. Hence, the complaint clearly demonstrates the basis for the Association's duty.
Having established that the Association's conduct created a foreseeable zone of risk, and that it had a duty to use reasonable care to lessen the foreseeable risk of injury to proceeds' owners, we must next consider the Association's argument that National is not a member of the group to which it owed any duty. The Association admits in its motion for summary judgment that it owed the unit owners a duty of care to properly manage the funds. However, it asserts it owed no duty to National, the mortgagee. We disagree. As Judge Cardozo wrote many years ago, "[n]egligence is not actionable unless it involves the invasion of a legally protected interest, the violation of a right." Palsgraf v. Long Island R.R. Co., 248 N.Y. 339, 162 N.E. 99, 99 (1928). As the facts of this case demonstrate, National had a legally protected interest in the proceeds.
Florida has long recognized a mortgagee's interest in any insurance proceeds derived from insurance which protects the mortgagee's interest in the insured property. Atwell v. Western Fire Ins. Co., 120 Fla. 694, 163 So. 27 (1935);[3]accord Langford v. Wauchula State Bank, 148 Fla. 236, 4 So.2d 10 (1941); Sumlin v. Colonial Fire Underwriters, 158 Fla. 95, 27 So.2d 730 (1946). Moreover, the terms of the Declaration of Condominium also reflect the understanding that units owner's rights are commonly subject to a mortgagee's interest. The Association purchased insurance to protect the unit owners' and mortgagees' interests in the insured property. National had an interest in the insurance proceeds. Therefore, the invasion of that interest was actionable.
We realize that this conclusion creates a duty which the Association does not welcome. *1108 However, condominium associations are "statutory entit [ies] ... created purely and simply to do for the owners what the owners may not do for themselves." Woods v. Carpet Restorations, Inc., 611 So.2d 1303, 1304 (Fla. 4th DCA 1992). In the case before us the Association undertook to manage the insurance proceedsa task which the mortgagees and unit owners are prohibited from doing. Indeed, by accepting the terms of the Declaration of Condominium, National acceded the control over insurance matters to the Association. See Sunshine Meadows Condo. Ass'n Inc. v. Bank One, Dayton, N.A., 599 So.2d 1004 (Fla. 4th DCA 1992) (interest of mortgagee always subject to Declaration of Condominium), approved, 641 So.2d 1333 (Fla.1994). This accession, however, did not abrogate National's interest in the insurance proceeds that the Association was managing.
This case is analogous to the cases holding that where the lender of construction funds retains authority to disburse the funds, it owes the borrower on whose behalf the funds are advanced the duty to exercise reasonable care in properly disbursing those funds. Kalbes v. California Fed. Sav. & Loan Ass'n, 497 So.2d 1256 (Fla. 2d DCA 1986); Prudential Ins. Co. v. Executive Estates, Inc., 174 Ind.App. 674, 369 N.E.2d 1117 (1977) (mortgagee liable in tort to mortgagor if reasonable care not exercised in disbursing funds); Speights v. Arkansas Sav. & Loan Ass'n., 239 Ark. 587, 393 S.W.2d 228 (1965) (lender held negligent for failure to exercise reasonable care in making payments); Falls Lumber Co. v. Heman, 114 Ohio App. 262, 181 N.E.2d 713 (1961) (one who disburses funds of another without due care answerable in negligence). The Association had authority to manage and to disburse the insurance proceeds on behalf of the unit owners and their mortgagees. "[O]ne who undertakes to act for another in the disbursing of funds is answerable for failure to do so with due care." Kalbes, 497 So.2d at 1258. This principle summarizes the gravamen of National's complaint.
We hold that National adequately asserts a cause of action for negligent management of the insurance proceeds. It alleges that the Association assumed the task of managing and disbursing the insurance proceeds, that National had an interest in the proceeds, and that National's interest was damaged because of the Association's failure to exercise reasonable care. These allegations state a cause of action in negligence against the Association. The Association was not entitled to summary judgment as a matter of law.
At trial, National should be permitted to present its evidence as to mismanagement and depletion of funds and the extent to which it was diminished. Of course, the Association has the opportunity to present any evidence it wishes regarding intervening causes, precautions it took against the risk, and any other defenses it deems appropriate. The jury should be the ultimate arbiter of whether the Association's conduct amounted to a breach of its duty to National. McCain, 593 So.2d at 503.
Based on the foregoing reasoning, we hold that the Association owed National a duty to use reasonable care in managing the insurance proceeds, in which National had an interest. Summary judgment was improper.
Remaining points lack merit.
Summary judgment reversed; cause remanded for further proceedings.
NOTES
[1] The complaint asserted, inter alia, as follows:

15. The Association and the Directors negligently administered the construction contract and the $3.4 million reconstruction fund that was paid to the Association for the benefit of Plaintiff and others. As a result of Defendants' negligence, the buildings of Lakeshore 1 Condominium were not reconstructed in a timely and workmanlike manner.
16. The Defendants (a) paid Contractor in excess of the $2.9 million construction contract price for completion of approximately 50% of the work to be performed, (b) paid Contractor approximately $1.9 million for construction change orders which were not properly submitted in accordance with the construction contract and which obviously and grossly overcharged for the work described, (c) failed to discover obvious discrepancies between the work alleged by Contractor in his draw requests to have been completed and the work actually completed, (d) failed to discover obvious overbilling by Contractor for various contract items, (e) failed to adequately protect work which was completed from theft and vandalism, (f) made payments to Contractor after it was clear that not enough money remained in the construction fund to complete the contract, (g) made payments for insurance-funded owner reconstruction without Plaintiff's consent, contrary to section 14.13.1 of the Declaration, and (h) made payments for work not in place and for work for which non-payment could not result in a lien on the common elements of Lakeshore 1 Condominium contrary to section 14.13.5 of the Declaration.
[2] For purposes of our analysis we must accept the facts in the complaint in the light most favorable to National, the non-moving party. Holl v. Talcott, 191 So.2d 40 (Fla.1966). The Association asserts in its motion for summary judgment that the material facts are not disputed; the only documents filed are the complaint, answer and affirmative defenses.
[3] Atwell, and cases cited therein, hold that the mortgagee has an equitable lien on the insurance proceeds. However, under the terms of the Declaration of Condominium the mortgagee cannot access the proceeds and must accede to the Association's management and control thereof. These terms render the lien unenforceable; National's sole means of seeking damages for the mismanagement of the proceeds is via a negligence action.