PER CURIAM.
Appellant, Darryl Russ, appeals his conviction for grand theft of insurance proceeds, contending that the trial court erred by denying his motion for judgment of acquittal, because the state failed to prove that he “obtained the property of another” with the “intent to steal,” which are essential elements of theft. He also claims fundamental error caused by the trial court’s failure to give a jury instruction regarding appellant’s good-faith belief that he was entitled to the insurance proceeds, and by the prosecutor’s admonition to the jury to send a message to the defendant by finding him guilty. We affirm, because there was sufficient evidence that Russ knowingly used insurance proceeds for which a third person had a superior legal interest. In addition, Russ fails to show fundamental error.[1] The remainder of this opinion addresses only the alleged error relating to the instruction given the jury.
Russ' and his wife purchased a house and land, and thereafter executed a mortgage deed to the seller/mortgagee which contained a provision requiring them to insure the property in a policy payable to the mortgagee. The provision gave the mortgagee the option to receive any insurance proceeds therefrom or to permit the mortgagors, the Russes, to receive them. When a fire damaged the house, the insurer issued a check to Russ for over $10,000, payable to Russ, his wife, the first mortgagee, and the holder of a second mortgage. Russ deposited the check and used the money to make a down payment on a pickup truck and purchase a four-wheeler vehicle. He claims there was insufficient evidence of theft and of criminal intent, because he, as a co-owner of the insurance proceeds, took possession of them with a good-faith belief in his right to them. We disagree.
Section 812.014, Florida Statutes (1997), makes it an offense to knowingly obtain or use the property of another with intent to deprive the other person of a right to or a benefit from the property. Section 812.012(3), Florida Statutes (1997), defines *270 “property” as “anything of value,” which includes: “(b) Tangible or intangible personal property, including rights, privileges, interests, and claims.” Section 812.012(4) defines “property of another” as “property in which a person has an interest upon which another person is not privileged to infringe without consent, whether or not the other person also has an interest in the, property.”
 A co-owner of property cannot be held guilty of larceny of such property unless the other co-owner has a superior legal interest that authorizes the withholding of the property. Hinkle v. State, 355 So.2d 465 (Fla. 3d DCA 1978). When a mortgagor covenants to insure property for the benefit of the mortgagee, the mortgagee has a lien on the insurance proceeds, to the extent of the mortgagee’s interest. See Sumlin v. Colonial Fire Underwriters Branch of Nat’l Fire Ins. Co. of Hartford, Conn., 158 Fla. 95, 27 So.2d 730 (1946); Nat’l Title Ins. Co. v. Lakeshore 1 Condo. Ass’n, 691 So.2d 1104 (Fla. 3d DCA 1997). Russ’s mortgage deed gave the mortgagee a legal interest in the insurance proceeds superior to Russ’s. See Miller v. Wallace Int’l Trucks, Inc., 532 So.2d 1276 (Fla. 2d DCA 1988) (affirming treble damages under the civil theft statute against a truck owner who had pledged his truck as security for his indebtedness to a repair shop, but later sold the truck, thus converting to his own use the repair shop’s lien rights). “Liens, pledges, and bailments all have the potential to satisfy the theft statute by creating a superior possessory interest in another as against the owner of the item.” Washington v. Pike, 118 Wash.2d 585, 826 P.2d 152, 155 (1992) (en banc).
Because sufficient evidence was presented that Russ used the insurance proceeds for his own personal ends, knowing that the mortgagee had a superior possessory interest in the funds, the trial court properly instructed the jury to determine whether such action constituted theft.
AFFIRMED.
ERVIN, BARFIELD and WOLF, JJ., CONCUR.

. See Sochor v. State, 619 So.2d 285 (Fla. 1993); Thornton v. State, 767 So.2d 1286 (Fla. 5th DCA 2000).