207 So.2d 22 (1968)
Raleigh W. RICE et ux., Appellants,
v.
FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION OF LAKE COUNTY, Appellee.
No. 67-231.
District Court of Appeal of Florida. Second District.
February 16, 1968.
Walter Warren, of Warren, Warren & Austin, Leesburg, for appellants.
Charles B.P. Sellar, Leesburg, for appellee.
PER CURIAM.
Appellants are appealing a judgment foreclosing a mortgage on a building which they owned. Appellants borrowed $12,000 from appellee and delivered to appellee their promissory note for that amount. As security, they gave appellee a mortgage on the building which was to be constructed partly with the loan proceeds. Appellee *23 deducted from the loan proceeds, as a fee for "inspection and supervision," an amount equal to one per cent thereof. An agent of appellee, in fact, made inspections of the construction site. Soon after the completion of the building, because of certain defects in the construction, its wall began to crack extensively, causing considerable damage.
Appellants defaulted on the payments on their note and appellee sued for foreclosure of the mortgage on the building. Appellants counterclaimed for damages on the theory that appellee had inspected the construction site in a negligent manner so as to breach its contractual duty to appellants to inspect the site for their benefit. They conceded they were in default under the terms of the note and mortgage, and the cause was tried on the sole issue of whether appellee was liable to appellants under the counterclaim. The court below ruled that no contractual duty existed as alleged and ordered foreclosure. The sole question before this court is whether appellee, by undertaking the inspection of the construction site and requiring appellants to pay a fee therefor, impliedly contracted with appellants to make such inspection for their benefit.
The effect to be given to an alleged implied contract is that effect which the parties as fair and reasonable men presumably would have agreed upon if, having in mind the possibility of the situation which has arisen, they had expressly contracted in reference thereto. Bromer v. Florida Power and Light Co., Fla. 1950, 45 So.2d 658, 660, 13 A.L.R.2d 1227. It would be unreasonable to infer merely from appellee's deduction of an inspection fee a contractual duty to appellants to perform such inspection on their behalf. As the court below aptly stated:
"A lender of construction money has an interest in the progress and quality of the construction of its security proportional to the amount of money invested and would reasonably be expected to inspect the construction and be entitled to additional compensation for its additional costs in making such inspection."
Affirmed.
LILES, C.J., and PIERCE and HOBSON, JJ., concur.