348 So.2d 610 (1977)
FIRST WISCONSIN NATIONAL BANK OF MILWAUKEE, a National Banking Association, Petitioner,
v.
Kenneth D. ROOSE and Gretchen Roose, Respondents.
FIRST WISCONSION NATIONAL BANK OF MILWAUKEE, A National Banking Association, Appellant,
v.
Kenneth D. ROOSE and Gretchen Roose, Appellees.
Nos. 76-2357, 76-2374.
District Court of Appeal of Florida, Fourth District.
July 1, 1977.
James O. Murphy, Jr., of Rimes, Greaton, Murphy & Batchelder, P.A., Fort Lauderdale, for appellant.
Thomas A. Groendyke of Fleming, O'Bryan & Fleming, Fort Lauderdale, for appellees.
DAUKSCH, Judge.
This is an appeal of an Order denying a Motion to Dismiss. We have accepted jurisdiction under Fla.App. Rule 4.2 because the matter is in equity.
*611 Appellee is an owner of a condominium apartment and represents a class of other condominium unit owners. He filed this lawsuit against the Appellant who is the mortgagee of the entire condominium project, including the recreation and other common areas.
In a novel and imaginative way Plaintiff seeks to have the court impose a joint adventure relationship upon the mortgagee without alleging sufficient facts to support his legal conclusion that such a relationship exists. Navarro v. Espino, 316 So.2d 646 (Fla.3d DCA 1975). Florida Tomato Packers, Inc. v. Wilson, 296 So.2d 536 (Fla.3d DCA 1974). Hewitt v. Price, 222 So.2d 247 (Fla.3d DCA 1969).
Appellant loaned the now defunct developer the money with which to build the project. A mortgage was received and payments on the mortgage were not received. Worse than that, from the owners' viewpoint, the developer failed to maintain the recreation areas and the entire project began to waste away from a lack of funds.
The developer had promised to maintain the facilities in a first class manner and the mortgagee was aware of that when the money was loaned. It is alleged the mortgagee also knew the entire property was insufficient security to support the loan. It is further alleged that the unit owners have suffered a diminution in the value of their apartments and that they will be forced to spend time and money to correct the conditions complained of. There is no allegation of any agreement between the mortgagor and mortgagee except the agreement for financing. There is no allegation of a joint proprietary interest in the development. There is no allegation of a community of interest in the performance of a common purpose and no allegation that each would share in the profits and losses. Absent clear allegations in accordance with the guidelines established in the cases cited above, we cannot impose a duty upon a mortgagee greater than the one established as a money lender and security holder.
In another innovative way the Appellee would have a duty imposed on the mortgagee to protect the interests of the owners by supervising the construction and maintenance by the developer. Appellee cites A.R. Moyer, Inc. v. Graham, 285 So.2d 397 (Fla. 1973) as authority but we find this case distinguishable and say again insufficient factual allegations cause the defeat of this count.
In a final stroke the Plaintiff seeks to have the court order the Defendant to foreclose its mortgage on the recreational complex. He reasons that Defendant cannot choose to foreclose on the valuable vacant land and refuse to foreclose on the recreational facility in order to avoid assuming the burdensome obligation of maintenance.
We find no support of this proposition in law or logic and cannot sustain the allegation as stating a cause of action.
The Order denying the Motion of Defendant/First Wisconsin National Bank of Milwaukee to dismiss Counts II, III and IV is reversed and this cause is remanded for further proceedings not inconsistent herewith.
REVERSED and REMANDED.
MAGER, C.J., and ALDERMAN, J., concur.