383 So.2d 1169 (1980)
John C. CHOTKA, Appellant,
v.
FIDELCO GROWTH INVESTORS, a Pennsylvania Business Trust and Howard C. Petersen, Robert D. Bernheim, Matthew B. Weinstein, James B. Smith, Harry A. Gentner, James W. Bryant, Edward E. Lind, Henry A. Gladstone, Arno E. Krumbiegel, and Raymond L. Miller, Jr., As Trustees of Fidelco Growth Investors and Individually, Appellees.
DIAMOND ISLE CONDOMINIUM ASSOCIATION, INC., a Nonprofit Florida Corporation, Appellant,
v.
FIDELCO GROWTH INVESTORS, Etc., et al., Appellees.
Nos. 79-1599, 79-1600.
District Court of Appeal of Florida, Second District.
June 4, 1980.
Peter T. Roman and Peter M. Dunbar of Dunbar, Dunbar & Roman, Dunedin, for appellants.
John R. Bush and Claude H. Tison, Jr. of Macfarlane, Ferguson, Allison & Kelly, Tampa, for appellees.
CAMPBELL, Judge.
The trial court dismissed with prejudice the complaints of appellants Chotka and *1170 Diamond Isle Condominium Association (the Association) against appellees Fidelco Growth Investors and the trustees thereof, and these appeals ensued. We reverse.
Each appellant filed a separate amended complaint against appellees seeking damages for defects or omissions in the construction of the Diamond Isle Condominium building and common areas. Appellees were alleged to be the developer of the condominium project. Appellees filed motions to dismiss the amended complaints, one of the grounds for which was that appellees were not alleged to be the builder of the condominium or the areas alleged to have defects. Appellees also filed a motion for summary judgment on the grounds, inter alia, that they were the construction lender with no interest in the original construction of the condominium; that they foreclosed after the original developer had defaulted on the loan and after the project had been completed except for the swimming pool, tennis court, lobby, game room, elevator lobbies, and two sauna baths, which they completed; and that they were unaware of any construction or design defects at the time they purchased at the foreclosure sale. Appellees also filed an affidavit by J. Douglas Wallace, assistant vice president of Latimer & Buck Advisors, Inc., who participated in all phases of the foreclosure and sale of the condominium project in question. Wallace averred that at the time of the foreclosure all common elements other than those specifically mentioned above had been completed, and the individual units needed only to be finished "according to such directions as unit purchasers would give."
After hearing, the trial court dismissed with prejudice appellants' causes of action based on implied warranty. The dismissals were
for the reason that the Court finds, pursuant to stipulation, that the defendants, FIDELCO GROWTH INVESTORS, a Pennsylvania Business Trust, et al, [sic] was not the original builder-developer but was a construction money lender who acquired title from the original builder-developer through foreclosure proceedings following substantial completion of the condominium development by the original builder-developer and thereafter defendants, FIDELCO GROWTH INVESTORS, a Pennsylvania Business Trust, et al, [sic] prepared and furnished the development for sale purposes and did complete the sale of the units....
This court held in Rice v. First Federal Savings & Loan Association, 207 So.2d 22 (Fla.2d DCA), cert. denied, 212 So.2d 879 (Fla. 1968), that a lender is not under any duty to inspect the progress of construction for the benefit of anyone other than itself and may not be held liable for construction defects. Accord, Armetta v. Clevetrust Realty Investors, 359 So.2d 540 (Fla.4th DCA), cert. denied, 366 So.2d 879 (Fla. 1978); Schaeffer v. Gilmer, 353 So.2d 847 (Fla.1st DCA 1977). However, appellees became more than just a lender when they took title to the condominium project, completed construction, and, holding themselves out to be the developer and owner of the project, advertised and sold units to purchasers. See First Wisconsin National Bank v. Roose, 348 So.2d 610 (Fla.4th DCA 1977). At that point, while recognizing that this was a common law action for implied warranty, and not an action under Chapter 718, Florida Statutes, we think appellees became a developer of the project to the extent that they may be held liable for performance of express representations made to the buyer, for patent construction defects in the entire condominium project and for breach of any applicable warranties due to defects in the portions of the project completed by appellees.
Accordingly, the trial court's order dismissing the complaints with prejudice is REVERSED and the cause REMANDED for further proceedings consistent with this opinion.
GRIMES, C.J., and SCHEB, J., concur.