DOWNEY, Judge.
This is an appeal from a final judgment for appellee, First Federal Savings and Loan Association of Martin County (First *531 Federal), entered upon appellee’s renewed motion for directed verdict.
Appellant, The Port Sewall Harbor and Tennis Club Owners Association, Inc., (Association) is a home owners’ association representing the owners of residential property in a subdivision known as Port Sewall Harbor & Tennis Club. In 1972 and 1973 the developer of the subdivision encumbered the property with a mortgage for $1,100,000.00 to First Federal. When the bulk of the subdivision improvements had been made the developer fell upon hard times and First Federal foreclosed its mortgage. Thereafter, First Federal completed the development and attempted to sell the lots.
The Association brought this suit against First Federal in two counts to recover for (a) defects in the construction of certain roads and drainage areas and (b) breach of express warranty. There was no proof adduced in support of the latter count and the court charged the jury that the issue for its determination on the claim of the Association against First Federal was whether First Federal breached an implied warranty of fitness and merchantability in favor of the Association. First Federal moved for a directed verdict at the end of the Association’s ease and at the close of all of the evidence contending (a) no implied warranty existed for the defective work complained about, and (b) First Federal could not be held liable for the defective work in question because that work had been completed before First Federal foreclosed the developer’s mortgage. The motions were denied and the jury returned a verdict for the Association. Judgment in accordance with a renewed motion for directed verdict was eventually entered for First Federal based upon Conklin v. Hurley, 428 So.2d 654 (Fla.1983).
The sole question presented on this appeal is: does the holding in the Conklin case prevent a party from recovering against a developer who fails to construct the common elements in accordance with the plans and specifications filed with the governmental regulatory agencies?
For clarification it might be well to note that this case does not involve condominium property so we are not concerned with Chapter 718 of the Florida Statutes nor are some of the condominium cases entirely relevant. Furthermore, the issues pleaded and presented to the jury did not include a cause of action for negligence. The Association’s theories were express and implied warranty, but no proof was adduced at trial of any express warranty. The Association did furnish evidence at trial of the cost to repair the roads and drainage areas and the cost of building a wooden footbridge shown in the plans but not furnished by the developer.
In our judgment the trial court reached the correct conclusion in granting the directed verdict and entering judgment for First Federal.
The foot bridge in question and the defective work complained of involved roads and drainage in the subdivision and did not pertain to the construction of homes or other improvements immediately supporting the residences. That is the extent of the application of implied warranties to first purchasers of residential real estate in Florida. The Supreme Court of Florida completely reviewed the extent of the application of implied warranty to real property in the Conklin ease and under strong urging to do so declined to further extend that theory of liability. Therefore, the trial judge was correct in his conclusion that Conklin precluded liability for the defects complained of on the theory of implied warranty.
Furthermore, the trial judge acted correctly because even if implied warranty was a relevant theory of liability it could hot be applied to the peculiar facts of this case.
First Federal was simply a mortgage lender when this project began in 1972-73. The developer built the roads and drainage complained of; First Federal had nothing to do with their construction. These improvements were unattended and not maintained for several years before the *532 development began to grow. Thus, when First Federal took over the property and sought to dispose of the lots it did not become liable for every delict or breach of contract committed by the original developer. A lender who forecloses a mortgage on a construction project and becomes the developer of that project is liable to a purchaser of a unit of the project for (a) performance of express representations made to the purchaser by the lender, (b) patent construction defects in the entire project, and (c) breach of any applicable warranties resulting from defects in the portions of the project completed by the lender. Chotka v. Fidelco Growth Investors, 383 So.2d 1169 (Fla. 2d DCA 1980). Were this not the case no lender could buy in the property at public sale without potential catastrophic exposure to liability.
Accordingly, we hold appellant has failed to demonstrate any reversible error.
AFFIRMED.
ANSTEAD, C.J., and RODGERS, EDWARD, Associate Judge, concur.