472 So.2d 494 (1985)
FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION OF SEMINOLE COUNTY, etc., Appellant,
v.
DEPARTMENT OF BUSINESS REGULATION, DIVISION OF FLORIDA LAND SALES AND CONDOMINIUMS, Appellee.
No. 84-653.
District Court of Appeal of Florida, Fifth District.
June 13, 1985.
Rehearing Denied July 12, 1985.
*495 Phillip H. Logan of Shinholser, Logan, Moncrief and Barks, Sanford, for appellant.
Sandra P. Stockwell, Tallahassee, for appellee.
COWART, Judge.
Appellant savings and loan association, as mortgagee, made convertible construction/permanent type loans on individual condominium units to an original condominium developer of a large condominium project. In lieu of foreclosure the loan association took deeds from the developer on eleven units and sold one unit to one buyer and ten units to another buyer.
Section 718.103(13), Florida Statutes, provides in relevant part:
"Developer" means a person who creates a condominium or offers condominium parcels for sale or lease in the ordinary course of business, but does not include an owner or lessee ... who has acquired his unit for his own occupancy... . (emphasis supplied)
Section 718.502(1), Florida Statutes, requires a developer to file certain documents required to be furnished to a buyer or lessee by §§ 718.503 and 718.504 (contract forms and a prospectus or offering circular), "if applicable." Section 718.502(2) provides that "prior to filing ... a developer shall not offer a contract for purchase or lease..."
Section 718.501(1)(d)4., Florida Statutes, authorizes the Division of Florida Land Sales and Condominiums of the Department of Business Regulation to impose civil penalties against a developer for any violation of law or rule.
The Division took the position that by virtue of entering into contracts for sale and purchase and executing deeds to two purchasers appellant savings and loan association became a "second developer" and was required to make a filing under 718.502(1) of the documents required by 718.503 and 504 and that because appellant did not make that filing before it executed the two contracts and two deeds appellant violated the statute and rules requiring a filing and was subject to a civil penalty. In lieu of an evidentiary hearing the matter was submitted to a hearing officer upon stipulated facts. The hearing officer agreed with the Division and recommended a civil penalty of $2,500, which the Department imposed. The loan association appeals.
We first note that statutes imposing a penalty, even a civil penalty, must be strictly construed. Next we note that the statutory definition (§ 718.103(13), Fla. Stat.) on which the Division relies to designate appellant savings association as a "developer" does not describe a person who contracts or sells a condominium parcel but only a person who "offers condominium parcels for sale or lease in the ordinary course of business." The statutory definitions in section 718.103 fail to define "offer" and the Department of Business Regulation *496 has supplied that omission by promulgating rule 7D-17.01(1) which provides
"Offer" means any advertisement, inducement, solicitation, or attempt to encourage any person to acquire an interest in a condominium unit, either proposed or existing, other than its security for an obligation, if undertaken for gain or profit.
Next we note the elementary proposition of law that a contract results from an "offer" by one party and its "acceptance" by the other. When a contract is for the sale and purchase of property the owner can offer to sell to the prospective buyer or the buyer can offer to buy from the owner. The party making the offer is the offeror and the other party is the offeree. Either party to a contract can be the offeror or the offeree but the same party is not both. As to a written contract the offeror is normally the party who first executes the written contract and the offeree is the person to whom the contract, which has been signed by one party, is tendered for rejection or acceptance and execution.
While the stipulated facts upon which the hearing and penalty in this case are based clearly show that the appellant savings and loan "sold" the condominium units in question, neither the stipulated facts nor the contracts or deeds themselves constitute any evidence that appellant savings and loan association became a developer within the meaning of the statute by virtue of advertising, inducing, soliciting or otherwise attempting to encourage the two buyers to acquire an interest in the units in question. Accordingly, the stipulated facts do not support the conclusion that the loan association became a developer by "offering" the condominium units for sale.
Even if the loan association had "offered" these eleven units for sale, it still cannot be considered a developer as defined in section 718.103(13) because of that statute's requirement that the offers occur "in the ordinary course" of the offeror's business. The word "ordinary" means "regular; usual; normal; common; often recurring." Black's Law Dictionary 989 (5th Ed. 1979). As applied in the phrase "ordinary course of business," this refers to a class of persons who, by the course of their business, regularly, normally or commonly offer condominium parcels for sale. We do not think a lender selling units in lieu of foreclosure is acting in "the ordinary course" of its business. Under the stipulated facts in this record, this was a failed loan and salvage operation. If this were "ordinary" for a mortgagee, it would not long continue in the lending business.
In addition we note the language of Rule 7D-17.01(1), which defines "offer" as an element of section 718.103(13), contains language which suggests lenders or mortgagees are not generally contemplated as "developers" under chapter 718. The Rule defines "offer" as only one "undertaken for gain or profit"; and it excludes an offer to recoup "other than its security for an obligation." Mortgagees at a foreclosure sale are thus clearly excluded by the language of this rule. Where the record is silent, as it is in this case, as to whether the lender made a gain or profit, or merely recouped its security, we think a mortgagee holding deeds in lieu of security, should be similarly treated.
Even if the loan association could be considered a "developer," it is not one who is required to file under section 718.502(1), Florida Statutes, before offering to sell those units. That statute requires a developer to file the documents and items required by §§ 718.503 and 718.504 "if applicable." The clear implication is that the requirements of §§ 718.503 and 718.504 are not applicable to every person within the statutory definition of "developer." When a person takes over the completion of a condominium project or development from the original developer and such subsequent or succeeding developer, or some other person acting as a sales agency for it, is going to continue to create or promote sales of units and to "offer" such units for sale or lease under contract documents and prospectuses or offering circulars different from those previously filed by the original *497 developer, then, of course, such subsequent or succeeding "developer" needs to make a new filing.[1] However, the overall purpose of chapter 718 appears to be to protect the buying public from misleading advertising and sharp sales practices of developers and promoters who, in the ordinary course of business, direct the creation of the condominium itself and the sale of condominium units therein. Those persons may have sufficient control over the condominium project or development as to be able to meet the requirements of the Division with respect to the contract documents and the prospectus or filing circular described in §§ 718.503 and 718.504. The position of the Division that all persons who fit the definition of "developer" contained in 718.103(13), Florida Statutes, must in every case file under 718.502, Florida Statutes, cannot be sustained. It would mean that every person, other than a person acquiring a unit for his own occupancy, who ever bought a condominium unit for lease or resale and later offered it for sale in the ordinary course of their usual business would be required to file and meet the requirements of the Division to do business as a developer before the individual condominium unit could be offered for resale. The purpose of Chapter 718 is to regulate the creation, sale and operation of condominiums, not to forever regulate the sale of each and every condominium unit. Most of the references to developer in chapter 718 make sense only if construed to refer to the original (creator) developer and subsequent or succeeding developers of the condominium project and those corporately, contractually or otherwise involved with the creator and the original promotion of the condominium project and the sale of units in it. Contrary to the assumption of the division, there is no evidence in this case that the loan association took over and continued the business of the original person who developed this condominium project nor that the association in this case offered units for sale in the ordinary course of the business of creating and selling condominium units. Therefore we hold the loan association was not required to file under section 718.502(1), Florida Statutes.
The order of the Department of Business Regulation imposing the $2,500 civil penalty in this case is
REVERSED.
SHARP, J., concurs.
DAUKSCH, J., concurs specially with opinion.
DAUKSCH, Judge, concurring specially:
I agree appellant is not a "developer" within the statutory definition  because it does not in the ordinary course of its business offer condominium parcels for sale. This appellant was rather forced into its position as owner of the parcels after its presumably legitimate loan went into default. If the appellant engaged in marginal loans to shaky developers with the prospect of later owning the projects, then a different result could obtain.
For the sole reason that the facts of this case indicate that this federal savings and loan institution in this instance was not in the position of a developer, I concur with the result reached by the majority.
NOTES
[1] This was the concern expressed in Chotka v. Fidelco Growth Investors, 383 So.2d 1169 (Fla. 2d DCA 1980), and in 1977 Op. Att'y Gen. Fla. 077-13 (February 8, 1977).