497 So.2d 1256 (1986)
Jay KALBES, Appellant,
v.
CALIFORNIA FEDERAL SAVINGS AND LOAN ASSOCIATION, Appellee.
No. 86-318.
District Court of Appeal of Florida, Second District.
October 10, 1986.
As Amended on Rehearing Denied November 21, 1986.
*1257 Michael M. Ingram and Carl E. Patrick of Crabtree, Sanchez, Parker & Ingram, P.A., Sarasota, for appellant.
Michael H. Davidson of Watson & Clark, Fort Lauderdale, for appellee.
GRIMES, Judge.
This is an appeal from a judgment on the pleadings determining that the complaint failed to state a cause of action on the authority of Rice v. First Federal Savings & Loan Association of Lake County, 207 So.2d 22 (Fla. 2d DCA 1968).
According to the complaint, appellant (owner) and appellee (lender) entered into a construction financing agreement whereby the owner borrowed $94,000 to build his personal residence pursuant to a contract previously entered into with a contractor. After the house was partially completed, the contractor abandoned the job. The owner alleged that the lender in violation of section 713.06(3), Florida Statutes (1983), had disbursed funds to the contractor after receipt from subcontractors of notices to owner. The owner contended that since the contractor failed to pay its subcontractors, numerous claims of lien had now been filed against his property which placed him in a position of having to pay twice for the same work.
To the extent that the complaint also contained allegations of failure to make proper inspections of the construction, the court properly concluded that the rationale of Rice foreclosed the owner from relief. However, we believe that the allegations that the lender made improper payments under the mechanics' lien law stated a cause of action.
The construction loan agreement executed by the owner, the lender and the contractor contained the following provisions pertinent to our consideration:
10. The Association will disburse the "Construction Fund" at such times and in such amounts as in its sole discretion it deems advisable, justifiable or necessary, and provided, however, that all requisitions for disbursements shall be in compliance with the terms of this Agreement, and that this Agreement shall not be in default in any manner. The Association, at its option, may require the owner to approve all disbursements before they are actually made.
The Association shall have the right to disburse from the "Construction Fund" without the written approval or order of the Owner or his designated agent, such sums or sum as may be required to procure the release of the above property from the lien of any recorded mechanic's lien, provided, however, that the Association shall first give the Owner not less *1258 than ten (10) days' written notice of its intention to procure such release.
... .
13. The Association reserves unto itself the right to pay directly to all materialmen, sub-contractors, laborers, their bills for work, labor, materials or services furnished to the construction job, and upon the Association's election to enforce this provision, the Contractor agrees to deliver or cause to be delivered unto the Association all bills or requisitions for payment from the laborers, sub-contractors and materialmen in order that said bills or requisitions may be paid by the Association directly to said payees.
Thus, it is evident that the lender had the sole authority on behalf of the owner to make payments for the construction of the house. Under these circumstances, we hold that the lender had a duty to the owner to exercise reasonable care to see that the payments were made in compliance with the mechanics' lien law. To hold otherwise would mean that a lender, secure in the knowledge that its mortgage would have priority over mechanics' liens, could make disbursements for the account of the owner with absolute impunity.
While there are no previous Florida decisions on this point, there is substantial authority in other jurisdictions to support our conclusion. Annot., 30 A.L.R.4th 134 (1984). In Falls Lumber Co. v. Heman, 114 Ohio App.2d 262, 181 N.E.2d 713 (1961), the owners obtained a construction loan under which the bank was to pay the contractor as the work progressed. The bank made payments to the contractor without requiring releases under the mechanics' lien law. As a consequence, mechanics' liens were filed against the property. In upholding a judgment that the bank, as the owners' agent, was guilty of negligence, the court reasoned that one who undertakes to act for another in the disbursing of funds is answerable for failure to do so with due care.
In reaching a similar conclusion, the Arkansas Supreme Court in Speights v. Arkansas Savings & Loan Association, 239 Ark. 587, 393 S.W.2d 228 (1965), emphasized the fact that the loan agreement provided that the lender would make disbursement of the loan proceeds as agent of the owner. The court held that the lender was negligent in failing to see that all bills for materials and labor were paid before making payments to the contractor.
Faced with the same issue, the court in Prudential Insurance Co. v. Executive Estates, Inc., 174 Ind. App. 674, 369 N.E.2d 1117 (1977), stated:
The generally recognized rule is that "a construction mortgage may have distinctive features in that the mortgagee may become liable in tort to the mortgagor if reasonable care is not exercised in disbursing the funds to protect the mortgagor from mechanics' liens filed against the property... ." 55 Am.Jur.2d Mortgages § 14, at 203 (1971).
The relationship of the lending institution-mortgagee and the borrower-mortgagor under these circumstances combine with principles of equity and agency law to require the mortgagee to obtain releases for protection of the mortgagor.
174 Ind. App. at 690, 369 N.E.2d at 1127. In referring to decisions which have declined to impose a duty upon the lender, the court said:
Such cases are not persuasive. A mortgagee-lender who insists on controlling disbursement of the loan proceeds in order to protect its own interests (mortgage lien), deprives the mortgagor of possession of the loan proceeds for which he has bargained, and in doing so must equitably be considered as the mortgagor's agent saddled with a duty to use reasonable care to protect the principal's interests.
174 Ind. App. at 692-93, 369 N.E.2d at 1128 (citations omitted).
Reversed and remanded for further proceedings.
DANAHY, C.J., and HALL, J., concur.