571 So.2d 565 (1990)
J. ALLEN, INC., a Florida Corporation, and John E. Allen, Appellants,
v.
HUMANA OF FLORIDA, INC., D/B/a Humana Women's Hospital-Tampa, a Florida Corporation, Appellee.
No. 90-00129.
District Court of Appeal of Florida, Second District.
December 21, 1990.
*566 Philip N. Hammersley of Trawick, Hammersley & Valentine, P.A., Sarasota, for appellant John E. Allen.
James O. Davis, III, of Bush Ross Gardner Warren & Rudy, P.A., and Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., Tampa, for appellee.
DANAHY, Judge.
This is an appeal from a summary judgment in a breach of contract suit brought by the appellee against the corporate appellant who was the general contractor of a building project at the appellee's hospital in Tampa. The individual appellant, John E. Allen, is the president of the corporate appellant. Of the multi-count complaint, Mr. Allen brings for our review the only count containing a claim against him as an individual. The summary judgment on this count was in favor of the appellee who was the party seeking affirmative relief on an issue of liability. We have jurisdiction. Fla.R.App.P. 9.130(a)(3)(C)(iv). We reverse.
In this count, the appellee charged that Mr. Allen negligently misrepresented amounts due his company when he signed, in his role as president, several monthly applications for payment. Allegedly, the negligent misrepresentations were that the computation method employed in arriving at the amount due was the correct alternative of the methods allowed in the contract, the alternative which produced the lesser payment due for that month. On cross-motions for summary judgment, the trial court denied the appellant's but granted the appellee's. We find that the court should have entered summary judgment for the appellant instead.
To have an actionable tort claim in a breach of contract case, there must be appropriate pleadings and proof of conduct resulting in personal injury or property damage beyond the breach of the contract and resulting economic loss. AFM Corp. v. Southern Bell Telephone & Telegraph Co., 515 So.2d 180 (Fla. 1987); Strickland-Collins Constr. Co. v. Barnett Bank, 545 So.2d 476 (Fla. 2d DCA 1989); John Brown Automation, Inc. v. Nobles, 537 So.2d 614 (Fla. 2d DCA 1988). There is no such pleading and proof in the appellee's claim. The only damages the appellee claims are the economic losses resulting from the breach of contract conduct ascribed to the appellants.
Accordingly, we reverse the entry of final judgment in favor of the appellee and remand with instructions that the trial court grant the appellant's motion for summary judgment.
Reversed and remanded with instructions.
RYDER, A.C.J., and THREADGILL, J., concur.