NESBITT, Judge.
MicroLine of South Florida, Inc. executed a promissory note to C & E Computers, Inc. Thereafter, C & E assigned the note to E & C Computers, Inc., the present holder and owner of the note. E & C appeals the dismissal of count 1 of its complaint against two of MicroLine’s officers, whom E & C claims signed the note in their personal capacities, thus ostensibly subjecting them to personal liability. We affirm the order under review.
The heading of the note contained the following:
MicroLine of South Florida, Inc.
Promissory Note
Maker : MicroLine of South Florida, Inc.
City : Fort Lauderdale
State : Florida
Amount: $55,000
The signature block contained the following:
Date : 10/1/89_
Maker: /s/ Elizabeth Livingston Pres.
Elizabeth Livingston
President
Maker: /s/ Michael S. Statner
Michael S. Statner
Vice-President
When an authorized agent signs an instrument which names his principal, and the instrument shows that he signs in a representative capacity, the principal is liable thereon. A holder does not have the option of suing the signing agent or the principal. If the agent is authorized and discloses his representative capacity and identifies the principal, only the principal may be held liable. 6 Ronald A. Anderson, Uniform Commercial Code § 3-403:72 (3d ed. 1993); see also § 673.403, Fla.Stat. (1991). Section 673.403, tracking the language of section 3-403 of the Uniform Commercial Code, makes clear the limited liability assumed by a person signing in his or her representative capacity. That section provides:
2) An authorized representative who signs his own name to an instrument:
(a) Is personally obligated if the instrument neither names the person represented nor shows that the representative signed in a representative capacity.
(b) Except as otherwise established between the immediate parties, is personally obligated if the instrument names the person represented but does not show that the representative signed in a representative capacity.
3) Except as otherwise established the name of an organization preceded or followed by the name and office of an authorized individual is a signature made in a representative capacity.
E & C points to language contained in the body of the note which it claims subjects the two company representatives to personal liability. This language states:
If more than one person executes this instrument as Maker, or Co-Maker such persons shall be jointly, severally and individually liable.
E & C argues that the above language creates personal liability in the two company representatives because “more than one person” executed the instrument. We disagree. By its explicit terms, the cited provision comes into play only where more than one person executes the instrument as maker. Here, there were simply two signers, both representing the same maker, Mi-croLine. Neither officer assumed individu *511 al liability by the second corporate signature. Both officers clearly signed in their corporate capacities only. See § 673.-403(3), Fla.Stat. (1991); see also Anderson, supra, § 3-403:72 (“The fact that the body of the paper recites ‘we promise’ or declares that the signers are jointly and severally liable is not controlling. If the paper in fact is signed by the representative in a representative capacity and names the principal, the principal alone is liable on the paper.”) (footnote omitted).
Accordingly, the order under review is affirmed.