660 So.2d 1165 (1995)
Arnold L. KANOV, Appellant,
v.
Jean BITZ, M.D., Appellee.
Arnold L. KANOV, Appellant,
v.
Michael BITZ, M.D., Appellee.
Nos. 94-3035, 94-3028.
District Court of Appeal of Florida, Third District.
September 27, 1995.
Pepe & Nemire, and Thomas Pepe, Miami, for appellant.
Roger A. Bridges; Coral Gables, Seipp Flick & Kissane, and Daniel Kissane, Miami, for appellees.
Before NESBITT, GODERICH and GREEN, JJ.
PER CURIAM.
Arnold Kanov, plaintiff below, filed a four count amended complaint against K.B. Enterprises, Inc., Jean Bitz, M.D. and Michael Bitz, M.D. for rescission of an amended employment contract; breach of employment agreement; compensation due; and to disregard or pierce the corporate veil to impose personal liability against the Bitzes individually. Both Michael and Jean Bitz filed separate motions for summary judgment on the count to disregard the corporate veil. The trial court granted these motions and Kanov filed the instant appeal.
We find that summary judgment was properly entered in favor of Michael Bitz, M.D. where he was never an officer, director or shareholder of K.B. Enterprises, Inc. and served at all times in his dealings with Kanov as an agent for the disclosed corporate entity. The law is well settled that an agent is not personally liable for the contract debts of a disclosed principal, absent an *1166 express agreement to the contrary. Blount v. Tomlinson, 57 Fla. 35, 48 So. 751 (1909); Philip Schwartz, Inc. v. Gold Coast Graphics, Inc., 623 So.2d 819, 820 (Fla. 4th DCA 1993); Andrew H. Boros, P.A. v. Arnold P. Carter, M.D., P.A., 537 So.2d 1134, 1135 (Fla. 3d DCA 1989); cf. E & C Computers, Inc. v. Livingston, 621 So.2d 509, 510 (Fla. 3d DCA 1993) (holding that, under UCC § 3-403, signature of executive on note ostensibly on behalf of company did not subject executive to personal liability).
As to defendant Jean Bitz, M.D., the controlling shareholder, sole officer and sole director of K.B. Enterprises, Inc., we reverse the summary judgment entered in her favor. A critical issue in the determination of whether the corporate veil will be pierced for the imposition of personal liability is whether the corporate entity was organized or operated for an improper or fraudulent purpose. See, e.g., Dania Jai-Alai Palace, Inc. v. Sykes, 450 So.2d 1114, 1120-21 (Fla. 1984); Hilton Oil Transp. v. Oil Transp. Co., S.A., 659 So.2d 1141, 1151 (Fla. 3d DCA 1995); Ally v. Naim, 581 So.2d 961, 962 (Fla. 3d DCA 1991). We find that genuine issues of material fact remain as to whether this corporate entity was organized or utilized by Jean Bitz, M.D., to defraud Kanov as alleged thereby precluding the disposition of this issue by way of summary judgment. See Holl v. Talcott, 191 So.2d 40 (Fla. 1966); Underwriters at Lloyds, London v. VIP Distribs., Inc., 629 So.2d 291 (Fla. 3d DCA 1993); Henry v. ISS Int'l Serv. Sys., Inc., 627 So.2d 115 (Fla. 3d DCA 1993); Nelson v. Balkany, 620 So.2d 1138 (Fla. 3d DCA 1993).
We find no merit to the remaining points on appeal.
Affirmed in part and reversed and remanded in part.