NEXTEL ARGENTINA, S.R.L., individually and for the use and benefit of the Cigna Argentina Compania de Seguros, S.A., Plaintiffs,

v.

ELEMAR INTERNATIONAL FORWARDING, INC.; Elemar Cargas, S.A., and Pantera Express, Inc., Defendants.

No. 98–2636–CIV.

United States District Court, S.D. Florida.

April 8, 1999.

Thomas A. Boyd, Jr., Jacksonville, FL, for plaintiffs.

H.C. Palmer, III, Miami, FL, David Friedman, Miami, FL, for defendants.

## ORDER GRANTING MOTIONS OF DEFENDANT ELEMAR INTERNATIONAL FORWARDING, INC. AND DEFENDANT PANTERA EXPRESS, INC. TO DISMISS AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM

KING, District Judge.

THIS CAUSE comes before the Motion of Defendant Elemar International Forwarding, Inc. ("Elemar International") To Dismiss Amended Complaint For Failure To State A Claim Upon Which Relief Can Be Granted, filed February 23, 1999. On February 24, 1999, Defendant Pantera Express, Inc. ("Pantera") also filed a Motion To Dismiss Amended Complaint For Failure To State A Claim Upon Which Relief Can Be Granted. Plaintiffs responded to both Motions on March 17, 1999.

### I. Factual and Procedural Background

Beginning in 1997 and continuing through 1998, Plaintiff Nextel Argentina, S.R.L. ("Nextel") alleges that it entered

into a course of dealings with Defendant Elemar Cargas, S.A. ("Elemar Cargas"). *See* Am.Compl., at ¶ 19. For freight and other charges, Defendant Elemar Cargas allegedly agreed to transport shipments of cellular telephones from the Motorola, Inc. ("Motorola") Land Mobile Production Sector in Ft. Lauderdale, Florida, to the facilities of Defendant Elemar International at the Miami International Airport ("MIA"). *See id.* Defendant Elemar Cargas allegedly agreed that it would exclusively utilize trucks under its personal supervision for the transportation of the cellular telephones. *See id.* at ¶ 10. Furthermore, Defendant Elemar Cargas allegedly agreed to fully insure Plaintiff Nextel's shipments against loss or damage. *See id.*

On or about March 17, 1998, Defendant Elemar Cargas received notification from Motorola that a shipment of cellular telephones consigned to Plaintiff Nextel were ready for pick-up at Motorola's Ft. Lauderdale facility. *See id.* at ¶ 11. Plaintiff states that, contrary to its agreement with Plaintiff Nextel, Defendant Elemar Cargas hired Defendant Pantera to transport and carry the cellular telephone shipment from Motorola's facility to Defendant Elemar International's MIA warehouse. *See id.* at ¶ 12. On March 17, 1998, Motorola delivered a shipment of 3600 new Motorola I–600 multi-service cellular telephones and chargers to Defendant Elemar Cargas. *See id.* at ¶ 13. Defendant Elemar Cargas failed to deliver the shipment to the MIA warehouse; instead, the shipment allegedly was lost or stolen in violation of its obligations as a common carrier for hire and/or as a result of its negligence, or that of its agents, servants, and employees. *See id.* at ¶ 14.

In Count I, Plaintiffs allege that Defendant Elemar Cargas breached its contract with Plaintiff Nextel by failing to: (1) deliver the goods pursuant to the agreement; (2) utilize its own truck to pick up the shipment as required by the agreement; (3) obtain proper insurance coverage for the shipment as required by the agreement; and (4) require its subcontractors to maintain appropriate insurance coverage for the shipment. *See id.* at ¶ 115. In addition, Plaintiffs allege that Defendant Elemar Cargas is liable in tort for negligently losing the shipment by failing to: (1) take adequate steps to protect the truck during the course of the shipment; (2) install adequate security devices aboard the truck to prevent its theft; (3) monitor adequately the progress of the shipment; (4) provide adequate security for the truck; (5) screen adequately its subcontractors and employees; and (6) select subcontractors who were either financially able to reimburse Plaintiff Nextel for a loss of its shipments, or adequately insured against such losses. *See id.* at ¶ 16. In Count I, Plaintiffs seek damages in the amount of $1.3 million, plus prejudgment interest and costs.

In Count II, Plaintiffs reassert the same factual allegations against Defendant Elemar International. *See id.* at ¶¶ 19–23. Plaintiffs bring the same breach of contract and negligent tort claims against Elemar International, claiming that it entered into an agreement with Plaintiff Nextel either (i) directly, (ii) through Elemar Cargas as its agent, or (iii) third-party beneficiary of a contract between Elemar Cargas and Elemar International. *See id.* at ¶¶ 18, 24–25. Plaintiffs seek damages from Defendant Elemar International in the amount of $1.3 million, plus prejudgment interest and costs.

In Count III, Plaintiffs bring a claim against Defendant Pantera. Plaintiffs claim that Defendant Pantera breached its duty of reasonable care properly to secure Plaintiff Nextel's cargo while in its possession. *See id.* at ¶ 28. Plaintiffs allege that Defendant Pantera negligently allowed the tractor and trailer which were being used to transport Plaintiff Nextel's cargo to be stolen because Defendant Pantera's agent left the tractor and trailer in a public place with the keys in the ignition and the motor running. *See id.* at ¶ 29. Plaintiffs seek damages from Defendant Pantera in the

1308

amount of $1.3 million, plus prejudgment interest and costs.

In its Motion To Dismiss, Defendant Elemar International argues that Plaintiffs have inappropriately alleged that Elemar International is both principal and agent in its alleged relationship with Elemar Cargas. *See* Def. Elemar International's Mem., at 2. Defendant Elemar International reasons that, to the extent that Plaintiffs are alleging that Defendant is the agent for a disclosed principal, there is no basis for its liability and the action must be dismissed as to it. *See id., citing Port Ship Service, Inc. v. International Ship Management,* 800 F.2d 1418, 1421 (5th Cir.1986); *In re Uiterwyk Corp.,* 116 B.R. 854 (M.D.Fla.1990). To the extent that Plaintiffs are alleging that it is a principal, Defendant Elemar International notes that Plaintiffs have failed to allege any direct contact or relationship whatsoever between the two parties that would support an inference that it is was acting as a principal. *See id., citing Azimi v. Ford Motor Co.,* 977 F.Supp. 847, 851 (N.D.Ill.1996); *Rand Bond of N. Amer., Inc. v. Saul Stone & Co.,* 726 F.Supp. 684 (N.D.Ill.1989); *Prochaska & Assocs., Inc., v. Merrill Lynch Pierce Fenner & Smith, Inc.,* 798 F.Supp. 1427 (D.Neb.1992). Since Plaintiffs' Amended Complaint fails adequately to allege facts establishing potential liability against Defendant Elemar International as either an agent of or principal for Defendant Elemar Cargas, Defendant Elemar International argues that Plaintiffs' claims against it should be dismissed.

In its Motion To Dismiss, Defendant Pantera argues that, since Plaintiffs fail to allege any contractual relationship between it and Pantera, their allegations are insufficient to support the duty of reasonable care they argue that Defendant Pantera breached. *See* Def. Pantera's Mem., at 2. Defendant Pantera notes further that Plaintiffs fail to allege any basis other than contract for such duty. *See id.*

In their response to Defendants' Motions, Plaintiffs do not directly address Defendants' arguments. Instead, Plaintiffs merely reassert their contract and tort claims against the Defendants.

## II. Legal Standard

A motion to dismiss will be granted only where it is clear that no set of facts consistent with the allegations could provide a basis for relief. "It is well established that a complaint should not be dismissed for failure to state a claim pursuant to Fed. R.Civ.Pro. 12(b)(6) 'unless it appears beyond doubt that plaintiff can prove no set of facts that would entitle him to relief.'" *Bradberry v. Pinellas County,* 789 F.2d 1513, 1515 (11th Cir.1986) (quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). For purposes of a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and accept as true all facts alleged by the plaintiff. *See Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984). The issue is not whether the plaintiff will ultimately prevail, but "whether the claimant is entitled to offer evidence to support the claims." *Little v. City of N. Miami,* 805 F.2d 962, 965 (11th Cir.1986) (citation omitted).

## III. Analysis

### A. *Count I—Claims Against Elemar Cargas*

■ The economic loss rule provides that a party who contracts for services may not recover in tort for purely economic losses unless the other party's conduct establishes a "tort 'distinguishable from or independent of [the] breach of contract.'" *AFM Corp. v. Southern Bell Tel. & Tel. Co.,* 515 So.2d 180, 181 (Fla.1987), *quoting Lewis v. Guthartz,* 428 So.2d 222, 224 (Fla. 1982). Economic losses are "damages for inadequate value, costs of repair and replacement ... or consequent loss of profits—without any claim of personal injury or damage to other property." *Casa Clara Condo. Ass'n, Inc. v. Charley Toppino & Sons, Inc.,* 620 So.2d 1244, 1246 (Fla.1993) (internal quotation omitted).

Florida courts created the economic loss rule to prevent intrusion "into the parties' allocation of risk by imposing a tort duty and corresponding cost burden on the public," reasoning that contract principles "are more appropriate than tort principles for resolving economic loss." *Florida Power & Light Co. v. Westinghouse Elec. Corp.*, 510 So.2d 899, 902 (Fla.1987). In Florida, "parties who have allocated risks among themselves by contract should not be permitted to ignore their bargain after incurring a loss involving the subject matter of the contract." *Motorcity of Jacksonville, Ltd. v. Southeast Bank N.A.*, 83 F.3d 1317, 1343 (11th Cir.1996); *see also Strickland– Collins Constr. v. Barnett Bank*, 545 So.2d 476, 477 (Fla.Dist.Ct.App.1989) ("Florida will not create a duty in tort to permit recovery of economic losses where the litigants have allocated the various risks of their bargain by contract.").

■ Plaintiffs allege that Plaintiff Nextel had a "course of dealings" and an "agreement" with Defendant Elemar Cargas, which the latter allegedly violated, thereby "breach[ing] its contract" with Plaintiff. Reading Plaintiffs' Amended Complaint in the light most favorable to them, and therefore assuming that such a contract existed, the Court finds that Plaintiff Nextel and Defendant Elemar Cargas could have allocated the risks of loss of cargo in their contract. The economic loss rule prevents recovery in tort for risks that should have been allocated in a contract. This Court sees "no reason to burden society as a whole with the losses of one who has failed to bargain for adequate contractual remedies." *Airport Rent–A–Car, Inc. v. Prevost Car, Inc.*, 660 So.2d 628, 630 (Fla.1995). Accordingly, since it alleges both contract and tort claims against Defendant Elemar Cargas, Count I of Plaintiff's Amended Complaint is dismissed.

### B. *Count II—Claims Against Elemar International*

■ Plaintiffs' Amended Complaint indeed does allege that Elemar International is the principal or agent (or third-party beneficiary) of Defendant Elemar Cargas. Defendant Elemar International correctly argues that, to the extent that Plaintiffs are alleging that it is the agent, there is no basis for its liability because Defendant Elemar Cargas would be a disclosed principal. *See Kanov v. Bitz*, 660 So.2d 1165, 1165–66 (Fla.App. 3 Dist.1995); *see also Port Ship Service, Inc. v. International Ship Management*, 800 F.2d 1418, 1421 (5th Cir.1986) (*citing* Restatement (Second) of Agency § 4(2); *In re Uiterwyk Corp.*, 116 B.R. 854 (M.D.Fla.1990) (*citing* 2 Fla.Jur.2d, Agency & Employment § 80). Accordingly, if Plaintiffs are alleging that Elemar International is Elemar Cargas's agent, then the breach of contract claims against Elemar International must be dismissed; consequently, if Plaintiffs are alleging that Elemar Cargas is Elemar International's agent, then the breach of contract claims against Elemar Cargas must be dismissed.

Defendant Elemar International also correctly observes that Plaintiffs allege no direct contact or relationship whatsoever between it and Plaintiff Nextel that would support a breach of contract claim against it as a principal. *See id., citing Azimi v. Ford Motor Co.*, 977 F.Supp. 847, 851 (N.D.Ill.1996); *Rand Bond of N. Amer., Inc. v. Saul Stone & Co.*, 726 F.Supp. 684 (N.D.Ill.1989); *Prochaska & Assocs., Inc., v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 798 F.Supp. 1427 (D.Neb.1992). Accordingly, if Plaintiffs are alleging that Elemar International is a principal, the breach of contract claims against Elemar International must be dismissed.

In the absence of their breach of contract claims, Plaintiffs may maintain their tort claims against Elemar International, provided that there was no direct contractual or other such relationship between the two parties. To the extent that such relationship exists, the economic loss rule would bar recovery in tort. *See* Part III.A.

In light of the aforementioned deficiencies, Count II of the Amended Complaint must be dismissed.

### C. Count III—Claim Against Pantera

 Defendant Pantera correctly observes that Plaintiffs fail to allege any contractual or other relationship between Plaintiff Nextel and Pantera, which would give rise to a duty of reasonable care. As such, Count III of the Amended Complaint—containing Plaintiffs' claim against Defendant Pantera for breach of the duty of reasonable care—must be dismissed as well.

### IV. Conclusion

Accordingly, after a careful review of the record, and the Court being otherwise fully advised, it is

ORDERED and ADJUDGED that the Motions To Dismiss Amended Complaint For Failure To State A Claim Upon Which Relief Can Be Granted of Defendant Elemar International Forwarding, Inc. and Defendant Pantera Express, Inc. be, the same are hereby, GRANTED. Plaintiffs shall have ten (10) days from the date of this Order in which to file a Second Amended Complaint that fully complies with the dictates of this Order as to all Defendants.