946 So.2d 615 (2007)
Richard L. SOBI and Karen L. Sukiennik, Appellants,
v.
FIRST SOUTH BANK, INC., Appellee.
No. 1D06-0646.
District Court of Appeal of Florida, First District.
January 5, 2007.
*616 Justin I. Remol, Destin, for Appellants.
Nickolas G. Petersen, Shalimar, and William H. Hughes and Cynthia S. Tunnicliff of Pennington, Moore, Wilkinson, Bell & Dunbar, P.A., Tallahassee, for Appellee.
VAN NORTWICK, J.
Richard L. Sobi and Karen L. Sukiennik appeal a final judgment entered after a non-jury trial on their negligence and breach of contract claims against First South Bank, Inc., (First South), appellee. We agree with the trial court that, under the circumstances here, Florida law provides no remedy for appellants against First South and we affirm.
Appellants contracted to have a house constructed in Destin, Florida, to be used as a rental property. To finance the project, they obtained a construction loan from First South. In their underlying action, appellants alleged that the house was constructed in a defective manner. Specifically, they alleged that the house was built with a slab elevation of six feet four inches, eight inches below the seven foot minimum slab elevation required by the Walton County Building Code and the Federal Emergency Management Agency for the flood zone in which the subject property was located. Appellant filed an action against the contractors, Walton County, and First South, alleging, in pertinent part, that First South breached its duties to appellants when it continued to disburse funds under the construction loan without obtaining a flood elevation certificate. The appellants' claims against the contractors and the county were settled or otherwise disposed of in another manner. The parties here proceeded to a non-jury trial on appellants' negligence and breach of contract counts against First South.
Appellants argue that the trial court erred by ruling that the construction loan agreement between the appellants and First South did not require the bank to obtain a flood insurance certificate before making construction advances. We agree with the trial court that, although the construction loan agreement gave *617 First South the right to require flood insurance, nothing in the construction loan agreement required First South to obtain a flood insurance certificate before funding construction draws. In addition, under Florida law, as a general rule a lender has no liability for construction defects. See Rice v. First Fed. Sav. & Loan Ass'n of Lake County, 207 So.2d 22 (Fla. 2d DCA 1968); see also First Wisconsin Nat'l Bank of Milwaukee v. Roose, 348 So.2d 610, 611 (Fla. 4th DCA 1977)(lender had no obligation to others to supervise construction and maintenance by the developer; the lender's duty was confined to "the one established as a money lender and security holder."). See also Armetta v. Clevetrust Realty Investors, 359 So.2d 540 (Fla. 4 th DCA 1978)(contract provisions inserted solely for protection of lender do not create duty to others on part of lender). Further, the trial court correctly ruled that the economic loss rule precludes appellant's tort claims. Strickland-Collins Constr. Co. v. Barnett Bank of Naples, 545 So.2d 476 (Fla. 2d DCA 1989).
Finally, appellants' attempt to create a remedy here based on the implied covenant of good faith, fair dealing, and commercial reasonableness is without merit. This implied covenant, see generally, Cox v. CSX Intermodal, Inc., 732 So.2d 1092, 1097 (Fla. 1st DCA 1999), "must relate to the performance of an express term of the contract and is not an abstract and independent term of a contract which may be asserted as a source of breach when all other terms have been performed pursuant to the contract requirements." Ament v. One Las Olas, Ltd., 898 So.2d 147, 149 (Fla. 4th DCA 2005)(quoting Hosp. Corp. of Am. v. Fla. Med. Ctr., Inc., 710 So.2d 573, 575 (Fla. 4th DCA 1998)).
Like the trial court, we have great empathy for the appellants' financial loss which the record reflects they have suffered. Under these circumstances, however, Florida law does not provide them a remedy against their lender.
AFFIRMED.
WEBSTER and BENTON, JJ., concur.